**Ex parte Richard W. BRAND.**
**(Two Cases)**

**Nos. 22607–01, 22607–02.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 22, 1992.

Richard W. Brand, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPLICATIONS FOR WRIT OF CERTIORARI

MALONEY, Judge.

Applicant was convicted in a Fort Worth municipal court of failing to display proper

stickers on his license tags (expired license plates). He was assessed a one hundred dollar fine. He subsequently filed a motion for new trial in the municipal court. When that motion was denied, he chose not to appeal, but instead sought certiorari from the county court at law. After that court denied relief, he directed his attention to this Court. He presents a writ of certiorari claiming, as he did in the courts below, that Texas does not have the authority to collect license fees from him and state courts do not have jurisdiction to fine him. He bases this argument on the contention that there is no "lawful" money in circulation, only Federal Reserve Notes, which he categorizes as "fraudulent paper tokens called money."

Subsequent to his conviction in Fort Worth, applicant was convicted in Denton County Justice Court of driving with rider unsecured (no seat belt) and fined $27.50. He claims he was denied his right to a jury trial and was required to proceed to a bench trial. As in the Fort Worth case, he did not exercise his right to appeal, but instead applied for certiorari to the county court at law. After relief was denied in that court, he again directed his attention to this court in the form of an application for writ of certiorari.

We note that historically, certiorari[1] had two distinct uses. It could be utilized by an appellate court for examination of the acts of an inferior tribunal, or as an auxiliary process to enable an appellate court to obtain further information in a pending case over which it already had obtained jurisdiction. We shall refer to the former as "common-law certiorari" and the latter as "record perfection certiorari."

At common law, a convicted person could not appeal as a matter of right. Rather, he would present alleged errors to an appellate court and, if the allegations were deemed meritorious, that court would issue a writ of certiorari to the trial court. See *Ex Parte Martinez*, 66 Tex.Crim. 1, 145 S.W. 959, 964 (Tex.Cr.App.1912). Af-

---

1. Definition: Lat. To be informed of, to be made certain in regard to ... Originally in English practice, an original writ commanding judges or officers of an inferior court to return records or certify proceedings to Chancery for judicial review of their actions.

ter considering argument and authority from both applicant and State, the court would rule on the validity of the conviction.

Texas now grants to a convicted person the right to appeal to the courts of appeals in most non-capital cases and to this Court in all capital cases. Further, this Court has been granted the power of discretionary review on petition by either party or even on our own motion. The original purpose of the writ, therefore, is of less validity in this State. The Texas Constitution, however, was amended in 1978 to broaden this Court's power to include the issuance of a writ of certiorari. Further, this Court is specifically granted jurisdiction over writs of certiorari by Article 4.04, V.A.C.C.P. and Texas Const., art. V § 5, which as amended, reads as follows:

> Subject to such regulation as may be prescribed by law, the Court of Criminal Appeals and the judges thereof shall have the power to issue the writ of habeas corpus, and in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari.

■ The legislative history behind the 1978 constitutional amendment demonstrates that the intent of the legislature was to expand the writ power of this Court to include, among other writ powers, the writ of common-law certiorari. Presiding Judge Onion of this Court testified before the Senate Jurisprudence Committee on February 8, 1977, saying "One of the important parts of this [amendment] ... is the authority of the Court to issue not only

writs of habeas corpus but ... certiorari." He then reaffirmed for the committee that after the amendment was approved by the electorate, this Court would "have the authority to issue as original jurisdiction writs of ... certiorari...."[2] Consequently, this Court has jurisdiction to entertain applications for writs of common-law certiorari in appropriate cases. We distinguish between the two types of certiorari applications because even before the grant of certiorari by the 1978 amendment to the Texas Constitution, this Court entertained writs of record perfection certiorari. See *Doby v. State,* 383 S.W.2d 418 (Tex.Cr.App. 1964).

We now determine whether applicant has presented proper cases for the issuance of writs of common-law certiorari. We find that he has not.

■ A person convicted of a fineable only offense has the right to appeal that conviction to a county court or county court at law. Art. 44.02, V.A.C.C.P., Tex.Gov't Code Ann. §§ 26.046, 30.493.[3] Thus, applicant had the right to appeal either of his convictions, but he opted not to do so.

■ Our courts have in the past found common-law certiorari available only in those cases from which there was no right to appeal. Certiorari, like habeas corpus, may not be used when one has an adequate remedy at law. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961), *Martinez,* supra 145 S.W. at 964, *Ramsey v. Morris,* 578

---

2. To conform with this constitutional change, art. 4.04, § 1, V.A.C.C.P. was amended to read as follows:

> The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The court and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to enforce its jurisdiction or enforce its judgments.

3. Where a case is first decided in the justice or municipal court, depending on the county in which conviction is entered, appeal is to county

court, either statutory or constitutional, which sits as an appellate court. The appeal is trial de novo if the conviction was from a justice court or a municipal court without record, but may be based only on errors reflected in the record if the conviction was from a municipal court of record. Arts. 44.17, 45.10, V.A.C.C.P. Appeal to the courts of appeals from trial de novo is available only when the sole issue is the constitutionality of the statute or ordinance on which the conviction is based, or when the fine assessed by the county court exceeds One Hundred Dollars. Art. 4.03, V.A.C.C.P. When the appeal is to the county court on the record, appeal to the courts of appeals is available only when (a) the fine assessed by the convicting court exceeded One Hundred Dollars ($100.00), and (b) the appellate court affirmed the conviction. Tex.Gov't Code Ann. § 30.505.

S.W.2d 809 (Tex.Civ.App.—Houston [1st] 1979, writ dism'd). We think it wise to continue adherence to that policy.

■ While we reserve for another day the decision regarding what type of cases over which we shall exercise common-law certiorari, we now decide that the writ shall not issue in any case in which there is a right to appeal. Having chosen not to exercise his right to appeal, applicant may not appear before this Court seeking the relief of common-law certiorari.

Accordingly, leave to file is denied.

CLINTON and BENAVIDES, JJ., concur.