Marlon Keith WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 03-97-00707-CR.

Court of Appeals of Texas,
Austin.

Dec. 18, 1997.

Jimmy D. Hamm, Beaumont, for Appellant.

Rodney D. Conerly, Asst. Criminal District Attorney, Beaumont, for Appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

This is an appeal from an order revoking community supervision. The underlying offense is unlawful use of a motor vehicle. We will dismiss the appeal for want of jurisdiction.

■ The motion to revoke was granted and sentence was imposed on September 5, 1997. Williams's appointed attorney filed a request for the preparation of the reporter's record but did not file a notice of appeal. Williams belatedly filed a handwritten pro se notice of appeal on October 17, 1997, eleven days after it was due. See Tex.R.App. P. 26.2(a)(1). The same day, the district court appointed substitute counsel for appeal. Although the time for obtaining an extension of time to perfect appeal had not expired, no extension of time was requested. See Tex. R.App. P. 26.3. Thus, as a result of his first attorney's abandonment and his present attorney's failure to request an extension of time, Williams's appeal in this cause was not timely perfected.

The rules of appellate procedure provide:

On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or *to alter the time for perfecting an appeal in a civil case.*

Tex.R.App. P. 2 (emphasis added). The emphasized phrase, which was added to rule 2 effective September 1, 1997, prohibits altering the time for perfecting an appeal only in a *civil* case. This seems to imply that the time for perfecting an appeal in a *criminal* case may be altered by an appellate court pursuant to rule 2. We believe the defaults of counsel outlined above constitute good cause for suspending the rules and altering the time for perfecting appeal in this cause.

We do not, however, write on a clean slate. In *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim. App.1996), the Court of Criminal Appeals held, in a procedurally identical case, that a court of appeals could not alter the time limit for perfecting appeal pursuant to former rule 2(b).[1] The court wrote:

> Jurisdiction of a court must be legally invoked, and when not legally invoked, the power of the court to act is as absent as if it did not exist. When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. In that instance, a court of appeals lacks jurisdiction over the purported appeal and, therefore, lacks the power to invoke Rule 2(b) ... in an effort to obtain jurisdiction of the case. Consequently, a court of appeals may not utilize Rule 2(b) ... to create jurisdiction where none exists.

918 S.W.2d at 523 (quotation marks and citations omitted). Although the court was concerned with the application of former rule 2(b), rather than rule 2 now in effect, the holding in *Olivo* does not turn on the wording of the rule but on the court's understanding of appellate jurisdiction. The court reasoned: (1) to invoke appellate jurisdiction, the appellant must comply with the rules prescribing the time and manner for perfecting appeal; (2) if the appellant fails to comply with these rules, the appellate court's jurisdiction is not invoked; (3) if the court's jurisdiction is not invoked, it cannot exercise its authority to suspend the rules. Applying this reasoning to the cause before us leads to the conclusion that we lack jurisdiction to invoke rule 2 for the purpose of altering the time for perfecting appeal, despite the clear suggestion to the contrary in the rule itself.[2]

■ As the Court of Criminal Appeals noted in *Olivo*, a court of appeals has jurisdiction to determine whether it has jurisdiction. 918 S.W.2d at 523. In order to determine if our jurisdiction has been legally invoked, we must apply the rules of appellate procedure. If an untimely notice of appeal invokes our jurisdiction to apply rules 26.2 (time for perfecting appeal in criminal case) and 26.3 (extension of time), why does it not invoke our jurisdiction to suspend rules 26.2 and 26.3 pursuant to rule 2? If rule 2 permits us to suspend rules 26.2 and 26.3 and alter the time for perfecting appeal, as it seems to do, why does application of the rule not fall within the scope of our jurisdiction to determine our jurisdiction? Was *Olivo* overruled by the recent amendment of rule 2?

We invite the Court of Criminal Appeals to reexamine *Olivo*. Meanwhile, pursuant to *Olivo*, we dismiss this appeal for want of jurisdiction.

---

1. That rule read:

   **Suspension of Rules in Criminal Matters.** Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

2. In a recent opinion also applying the former rules of appellate procedure, the Texas Supreme Court held that a motion for extension of time is necessarily implied when an appellant acting in good faith files an appeal bond beyond the time allowed for perfecting appeal but within the fifteen-day period for obtaining an extension of time. *Verburgt v. Dorner*, 41 Tex. Sup. Ct. J. 138, —— S.W. —— (Dec. 4, 1997). By excusing the appellant's failure to file a motion for extension of time within the prescribed time period, *Verburgt* conflicts with *Olivo*, as the majority and dissenting opinions acknowledge. *Id.* at 139, 141. *Verburgt* does not speak to the application of former rule 2(b), which did not apply in civil cases.