TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00398-CR

Van Johnson, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 0974765, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

PER CURIAM

On February 3, 1998, appellant Van Johnson pleaded guilty and judicially confessed to
possession of cocaine. Tex. Health & Safety Code Ann. § 481.115(a), (c) (West Supp. 1997). The
district court adjudged appellant guilty and assessed punishment, enhanced by two previous felony
convictions, at imprisonment for sixteen years. The court imposed sentence in open court on February 13,
1998. No appeal was perfected.

On April 22, 1998, a new attorney was appointed to represent Johnson in this cause. On
May 28, this attorney filed a motion for judgment nunc pro tunc complaining that the written judgment
inaccurately stated that there had been a plea bargain agreement. The motion asked that the judgment be
modified to reflect that the plea was not negotiated. The district court granted the motion the day it was
filed and, on June 8, 1998, signed a judgment nunc pro tunc stating that there had been no plea bargain. 
On June 25, 1998, counsel filed a notice of appeal. In the notice, counsel argues that she "was not
appointed to represent Defendant on appeal until after ninety days from the date of sentencing. Defendant
. . . asserts that the thirty (30) days in which he had to file this Notice of Appeal should run from the date
of the Court's latest judgment herein, signed on June 8, 1998."

The time for perfecting Johnson's appeal from the judgment of conviction began to run on
February 13, the day sentence was imposed in open court, and expired on March 16, thirty days later. 
Tex. R. App. P. 26.2(a)(1). The order granting judgment nunc pro tunc is itself an appealable order, but
is distinct from the judgment of conviction. See Homan v. Hughes, 708 S.W.2d 449, 451-52 (Tex. Crim.
App. 1986); Ex parte Curry, 712 S.W.2d 878, 880 (Tex. App.--Austin 1986, no pet.). It is clear from
the notice of appeal that Johnson does not seek to appeal the nunc pro tunc order and, in any event, he
would have no ground for appeal since the order was granted on his motion. Under the circumstances,
Johnson is not entitled to appeal from the conviction itself. See Cunningham v. State, 322 S.W.2d 538,
540 (Tex. Crim. App. 1959).

The record before us does not reflect why notice of appeal was not timely filed. While it
is possible that Johnson's right to appeal was denied because of ineffective assistance of counsel or some
other reason that would entitle him post-conviction habeas corpus relief, this Court is without jurisdiction
to provide a remedy on direct appeal. See Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App.
1996). But see Williams v. State, 957 S.W.2d 949 (Tex. App.--Austin 1997, no pet.) (asking that Olivo
be reexamined).

The appeal is dismissed for want of jurisdiction.

Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 31, 1998

Do Not Publish