TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-98-00299-CR







Edward DeLaPaz, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0384-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







PER CURIAM

In his motion for rehearing, appellant's counsel urges that a letter appellant wrote to the
district court should be considered a timely notice of appeal. The letter, dated April 13 and mailed April
14, 1998, states, "I have seriously thought this over and wish to appeal my case." The letter was 
addressed to the court. In an affidavit attached to the motion for rehearing, the court states that the letter
"was placed in the court's file, and not brought to my attention when it was received . . . ." The affidavit
goes on to state that the court learned of the letter on May 4, that appellant appeared before the court and
requested counsel on May 8, and that counsel was appointed on May 12. The court states that the
untimely May proceedings "were necessary to ensure Defendant's rights of appeal as an indigent."

We agree with counsel and the district court that appellant's letter manifests his desire to
appeal. But while the letter was written and mailed within the time prescribed for perfecting appeal, the
letter was not properly addressed to the clerk, the record does not reflect when the letter was received by
the clerk, and the letter was never filed by the clerk. See Tex. R. App. P. 9.2(b)(1) (filing by mail),
25.2(b)(1) (notice of appeal must be filed with clerk). Under the circumstances, the letter cannot be
deemed to have timely perfected appeal. See Tex. R. App. P. 26.2(a) (time to perfect appeal).

As a general rule, this Court may suspend the operation of an appellate rule for good cause. 
See Tex. R. App. P. 2. Clearly, appellant made a reasonable effort under the circumstances to initiate an
appeal within the time prescribed by the rules. If we could, we would invoke rule 2, suspend the operation
of rules 25.2 and 26.2, and deem the appeal perfected. The Court of Criminal Appeals has held, however,
that courts of appeals may not invoke rule 2 to excuse a defect in perfection of appeal. See Olivo v. State,
918 S.W.2d 519, 523 (Tex. Crim. App. 1996). This Court has asked that Olivo be reconsidered. See
Williams v. State, 957 S.W.2d 949 (Tex. App.--Austin 1997, no pet.). Unless and until that is done,
we are bound to dismiss this appeal for want of jurisdiction. See Olivo, 918 S.W.2d at 523. Appellant's
counsel may pursue this matter in a petition for discretionary review to the Court of Criminal Appeals, or
may await this Court's mandate and initiate a post-conviction habeas corpus proceeding to obtain an out-of-time appeal. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (West Supp. 1998).

Appellant's motion for rehearing is overruled.



Before Justices Powers, Kidd and B. A. Smith

Motion for Rehearing Overruled

Filed: August 31, 1998

Do Not Publish



YLE="font-family: CG Times">


NO. 03-98-00299-CR







Edward DeLaPaz, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-0384-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







PER CURIAM

In his motion for rehearing, appellant's counsel urges that a letter appellant wrote to the
district court should be considered a timely notice of appeal. The letter, dated April 13 and mailed April
14, 1998, states, "I have seriously thought this over and wish to appeal my case." The letter was 
addressed to the court. In an affidavit attached to the motion for rehearing, the court states that the letter
"was placed in the court's file, and not brought to my attention when it was received . . . ." The affidavit
goes on to state that the court learned of the letter on May 4, that appellant appeared before the court and
requested counsel on May 8, and that counsel was appointed on May 12. The court states that the
untimely May proceedings "were necessary to ensure Defendant's rights of appeal as an indigent."

We agree with counsel and the district court that appellant's letter manifests his desire to
appeal. But while the letter was written and mailed within the time prescribed for perfecting appeal, the
letter was not properly addressed to the clerk, the record does not reflect when the letter was received by
the clerk, and the letter was never filed by the clerk. See Tex. R. App. P. 9.2(b)(1) (filing by mail),
25.2(b)(1) (notice of appeal must be filed with clerk). Under the circumstances, the letter cannot be
deemed to have timely perfected appeal. See Tex. R. App. P. 26.2(a) (time to perfect appeal).

As a general rule, this Court may suspend the operation of an appellate rule for good cause. 
See Tex. R. App. P. 2. Clearly, appellant made a reasonable effort under the circumstances to initiate an
appeal within the time prescribed by the rules. If we could, we would invoke rule 2, suspend the operation
of rules 25.2 and 26.2, and deem the appeal perfected. The Court of Criminal Appeals has held, however,
that courts of appeals may not invoke rule 2 to excuse a defect in perfection of appeal. See Olivo v. State,
918 S.W.2d 519, 523 (Tex. Crim. App. 1996). This Court has asked that Olivo be reconsidered. See
Williams v. State, 957 S.W.2d 949 (Tex. App.--Austin 1997, no pet.). Unless and until that is done,
we are bound to dismiss this appeal for want of jurisdiction. See Olivo, 918 S.W.2d at 523. Appellant's
counsel may pursue this matter in a petition for discretionary review to the Court of Criminal Appeals, or