TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00637-CR







Theresa Parker, Appellant


v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 497,296, HONORABLE DAVID CRAIN, JUDGE PRESIDING 






 

 Appellant Theresa Parker appeals from a trial de novo before a jury in the county
court at law by which she was found guilty of speeding and sentenced to pay a $25 fine and court
costs. See Tex. Transp. Code. Ann. § 545.351 (West 1999). We will dismiss this cause for lack
of jurisdiction.


BACKGROUND

 Appellant was initially tried before a justice of the peace, found guilty, and
sentenced to pay a fine of $61 and court costs. Following a subsequent trial de novo in the county
court at law, (1) a jury also found appellant guilty, and assessed punishment at a fine of $25. The
trial court sentenced appellant to a $25 fine plus court costs. On appeal, appellant argues in two
issues that the trial court erroneously instructed the jury by his charge.


DISCUSSION

 The jurisdiction of this Court is established by various constitutional and statutory
provisions, and is thus not unlimited or absolute. See Ex parte Shumake, 953 S.W.2d 842, 844
(Tex. App.--Austin 1997, no pet.). In each case, we are required to examine the applicable legal
restrictions to determine whether we have jurisdiction. See id.; Williams v. State, 957 S.W.2d
949, 950 (Tex. App.--Austin 1997, no pet.). 

 Article 4.03 of the Texas Code of Criminal Procedure (the "Code") prescribes the
jurisdiction of this Court in criminal cases: 


 The Courts of Appeals shall have appellate jurisdiction coextensive with the
limits of their respective districts in all criminal cases except those in which the
death penalty has been assessed. This Article shall not be so construed as to
embrace any case which has been appealed from any inferior court to the county
court, the county criminal court, or county court at law, in which the fine imposed
by the county court, the county criminal court or county court at law does not
exceed one hundred dollars, unless the sole issue is the constitutionality of the
statute or ordinance on which conviction is based. 



Tex. Code Crim. Proc. Ann. art. 4.03 (West Supp. 1999). The court of criminal appeals has
interpreted this article to mean that "[a]ppeal to the courts of appeals from trial de novo is
available only when the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based, or when the fine assessed by the county court exceeds One Hundred Dollars." 
Ex parte Brand, 822 S.W.2d 636, 639 n.3 (Tex. Crim. App. 1992). Because appellant appeals
to this Court from a trial de novo in the county court at law following a trial in the justice court,
our jurisdiction in the instant case is similarly limited. 

 Both issues raised by appellant on appeal challenge the legitimacy of the jury
instruction given by the court and not the constitutionality of the speeding ordinance on which her
conviction was based. Specifically, appellant argues that (1) the trial court invaded the province
of the jury by instructing them that it would be prima facie evidence she was traveling at an
unreasonable or imprudent speed if they found that she was driving faster than sixty-five miles per
hour, see Transportation Code § 545.351; and (2) the court's instruction should have read that a
speed over seventy miles per hour was prima facie evidence of an unreasonable and imprudent rate
of travel given the type of road on which she was traveling and time of day that she was stopped. 
See id. §§ 545.351, .352. Moreover, the county court at law assessed a $25 fine, which does not
meet the $100 minimum set by the Code. See Tex. Code Crim. Proc. Ann. art. 4.03 (West Supp.
1999); Brand, 822 S.W.2d at 639 n.3. Consequently, as neither alternative required by the Code
for this Court to have immediate jurisdiction over this case is satisfied, we lack jurisdiction to
consider appellant's appeal and must dismiss her case. See Tex. Code Crim. Proc. Ann. art. 4.03
(West Supp. 1999); Brand, 822 S.W.2d at 639 n.3.

CONCLUSION

 Accordingly, we dismiss this cause for want of jurisdiction.


 

 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: August 26, 1999

Do Not Publish
1. See Tex. Code Crim. Proc. Ann. art. 44.17 (West Supp. 1999) (all appeals to county court
from justice courts shall be by trial de novo in county court as if the prosecution originally
commenced in that court).


Tex. Transp. Code. Ann. § 545.351 (West 1999). We will dismiss this cause for lack
of jurisdiction.


BACKGROUND

 Appellant was initially tried before a justice of the peace, found guilty, and
sentenced to pay a fine of $61 and court costs. Following a subsequent trial de novo in the county
court at law, (1) a jury also found appellant guilty, and assessed punishment at a fine of $25. The
trial court sentenced appellant to a $25 fine plus court costs. On appeal, appellant argues in two
issues that the trial court erroneously instructed the jury by his charge.


DISCUSSION

 The jurisdiction of this Court is established by various constitutional and statutory
provisions, and is thus not unlimited or absolute. See Ex parte Shumake, 953 S.W.2d 842, 844
(Tex. App.--Austin 1997, no pet.). In each case, we are required to examine the applicable legal
restrictions to determine whether we have jurisdiction. See id.; Williams v. State, 957 S.W.2d
949, 950 (Tex. App.--Austin 1997, no pet.). 

 Article 4.03 of the Texas Code of Criminal Procedure (the "Code") prescribes the
jurisdiction of this Court in criminal cases: 


 The Courts of Appeals shall have appellate jurisdiction coextensive with the
limits of their respective districts in all criminal cases except those in which the
death penalty has been assessed. This Article shall not be so construed as to
embrace any case which has been appealed from any inferior court to the county
court, the county criminal court, or county court at law, in which the fine imposed
by the county court, the county criminal court or county court at law does not
exceed one hundred dollars, unless the sole issue is the constitutionality of the
statute or ordinance on which conviction is based. 



Tex. Code Crim. Proc. Ann. art. 4.03 (West Supp. 1999). The court of criminal appeals has
interpreted this article to mean that "[a]ppeal to the courts of appeals from trial de novo is
available only when the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based, or when the fine assessed by the county court exceeds One Hundred Dollars." 
Ex parte Brand, 822 S.W.2d 636, 639 n.3 (Tex. Crim. App. 1992). Because appellant appeals
to this Court from a trial de novo in the county court at law following a trial in the justice court,
our jurisdiction in the instant case is similarly limited. 

 Both issues raised by appellant on appeal challenge the legitimacy of the jury
instruction given by the court and not the constitutionality of the speeding ordinance on which her
conviction was based. Specifically, appellant argues that (1) the trial court invaded the province
of the jury by instructing them that it would be prima facie evidence she was traveling at an
unreasonable or imprudent speed if they found that she was driving faster than sixty-five miles per
hour, see Transportation Code § 545.351; and (2) the court's ins