TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00060-CR


NO. 03-07-00061-CR


NO. 03-07-00062-CR


NO. 03-07-00063-CR


NO. 03-07-00064-CR







A. Nicholas Alexander, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NOS. 720965, 720966, 720967, 720968 & 720969


HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING






O P I N I O N



We decide here that a person convicted in a municipal court of record and fined $100
or less, and whose conviction is affirmed by the county court at law, may not appeal to this Court
to challenge the constitutionality of the ordinance on which his conviction was based. We reach this
conclusion after carefully considering the statutes regulating this Court's subject-matter jurisdiction
and the right to invoke that jurisdiction.

In each of these causes, appellant A. Nicholas Alexander was convicted in the City
of Austin Municipal Court for violating the city's smoking ordinance and fined $100. He appealed
the convictions on the record to the Travis County Court at Law No. 1. Among other things,
appellant contended that under the circumstances presented, the application of the ordinance to him
violated the Texas Constitution's prohibition against ex post facto laws. See Tex. Const. art. I, § 16. 
The county court at law affirmed the convictions, and appellant then gave notice of appeal to this
Court. We conclude that appellant does not have a right of appeal to this Court and will dismiss
the appeals.

Discussion


1. Appeals from inferior courts to county courts 

A person convicted of an offense in a municipal or justice of the peace court may
appeal that conviction to a county court or county court at law. Tex. Code Crim. Proc. Ann. art.
44.02 (West 2006) (municipal courts and justice of the peace courts); Tex. Gov't Code Ann.
§ 30.00014(a) (West Supp. 2006) (municipal courts of record). As a general rule, the appeal from
the inferior court to the county court is by trial de novo. Tex. Code Crim. Proc. Ann. arts. 44.17,
45.042(b) (West 2006). But in an appeal from a municipal court of record, the county court may not
retry the case; instead, it must determine the appeal on the basis of the errors shown in the municipal
court record. Id. arts. 44.17, 45.042(b); Tex. Gov't Code Ann. § 30.00014(b). The county court then
affirms, reverses, or reforms the municipal court's judgment. Tex. Gov't Code Ann. § 30.00024(a)
(West Supp. 2006).


2. Appeals following trial de novo in county court

If a defendant is convicted following a trial de novo in county court, he may appeal
that conviction to the court of appeals. Tex. Code Crim. Proc. Ann. art. 44.02. This right of appeal
is subject, however, to a limitation placed on the jurisdiction of the courts of appeals by the code of
criminal procedure. Acting pursuant to its constitutional authority to regulate the jurisdiction of the
courts of appeals, the legislature has provided that the courts of appeals "shall have appellate
jurisdiction coextensive with the limits of their respective districts in all criminal cases except those
in which the death penalty has been assessed." Tex. Code Crim. Proc. Ann. art. 4.03 (West 2005);
see Tex. Const. art. V, § 6. Having thus conferred broad jurisdiction to hear criminal appeals in all
non-death penalty cases, article 4.03 goes on to impose this restriction:

 

This Article shall not be so construed as to embrace any case which has been
appealed from any inferior court to the county court, the county criminal court, or
county court at law, in which the fine imposed by the county court, the county
criminal court or county court at law does not exceed one hundred dollars, unless the
sole issue is the constitutionality of the statute or ordinance on which the conviction
is based.



Tex. Code Crim. Proc. Ann. art. 4.03. It is important to note that this jurisdictional restriction--and
the constitutional issue exception to the restriction--applies only when the fine imposed by the
county court does not exceed $100, that is, when the appeal from the inferior court to the county
court is by trial de novo.


3. Appeals following affirmance on the record in county court 

A defendant may also appeal to a court of appeals if he is convicted in a municipal
court of record and that conviction is affirmed by the county court. Tex. Gov't Code Ann.
§ 30.00027(a) (West 2004). Although article 4.03 places no restriction on a court of appeals's
jurisdiction in such cases, section 30.00027(a) permits an appeal to a court of appeals only if "the
fine assessed against the defendant [in municipal court] exceeds $100 and the judgment is affirmed"
by the county court. Id. There is no exception for appeals of constitutional issues. See id.

Several courts of appeals, including this Court in an unpublished opinion, have
expressly or impliedly construed article 4.03 to give a defendant convicted in a municipal court of
record and fined $100 or less the right to appeal to the court of appeals if the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based. See Preston v. State,
145 S.W.3d 683, 684 (Tex. App.--Corpus Christi 2004, no pet.); Boyd v. State, 11 S.W.3d 324, 325
(Tex. App.--Houston [14th Dist.] 1999, no pet.); Lopez v. State, 649 S.W.2d 165, 166 (Tex.
App.--El Paso 1983, no pet.); Preston v. State, No. 01-03-00480-CR, 2003 Tex. App. LEXIS 8322,
at *3-4 (Tex. App.--Houston [1st Dist.] Sept. 25, 2003, no pet.) (mem. op., not designated for
publication); Tannehill v. State, No. 03-97-00208-CV, 1997 Tex. App. LEXIS 3462, at *3 (Tex.
App.--Austin July 3, 1997, writ ref'd) (not designated for publication). After reconsidering the
matter, we conclude that these opinions err by failing to recognize the distinction between the
appellate jurisdiction of the courts of appeals (which is prescribed by article 4.03) and the
defendant's right to invoke that jurisdiction (which in cases originating in a municipal court of record
is determined by section 30.00027). (1)


Conclusion


Because the jurisdiction of the courts of appeals is defined as it is by article 4.03, an
appeal to a court of appeals from a trial de novo in county court is available when the sole issue is
the constitutionality of the statute or ordinance on which the conviction is based or when the fine
imposed by the county court exceeds $100. See Ex parte Brand, 822 S.W.2d 636, 638 n.3 (Tex.
Crim. App. 1992). Because the defendant's right of appeal is defined as it is by section 30.00027(a),
an appeal to a court of appeals following an affirmance on the record in county court is available
only if the fine imposed in the municipal court exceeds $100. See id. Thus, because of the unusual
interplay between the statute defining the jurisdiction of the courts of appeals and the statutes
defining a defendant's right to invoke that jurisdiction, a person who is convicted in a trial de novo
in county court and fined $100 or less for violating what he believes is an unconstitutional statute
or ordinance may take his constitutional issue to a court of appeals, but a person convicted in a
municipal court of record and fined $100 or less cannot appeal a constitutional issue past
the county court.

We do not know if this distinction between cases that originate in municipal courts
of record and cases that originate in municipal courts without record or justice of the peace courts
was intended by the legislature or is merely an accident of statutory history. (2) It may very well be
that when it amended article 4.03 in 1981, the legislature believed that the amendment would permit
constitutional issues to be raised in the courts of appeals in all cases appealed from an inferior court
to a county court and not merely in those appealed by trial de novo. But the best evidence of the
collective intent of the legislators is the statutory text. Boykin v. State, 818 S.W.2d 782, 785 (Tex.
Crim. App. 1991). Article 4.03 is clear and unambiguous, as is section 30.00027(a). Even if one
questions the result as a matter of policy, applying the plain language of the statutes does not lead
to an absurd result that the legislature could not possibly have intended. Id. The legislature may
have intended the distinction it has drawn regarding the right of persons convicted of minor offenses
to appeal the constitutionality of the statute or ordinance violated. Moreover, our reading of the plain
language of the statutes is consistent with that of the court of criminal appeals in Brand. 822 S.W.2d
at 638 n.3. Although we find ourselves bound to dismiss these appeals, we invite the legislature to
revisit this issue and amend section 30.00027(a) to permit appeals of constitutional issues without
regard to the amount of the fine.

In these causes, the fines assessed by the municipal court of record do not exceed
$100. For this reason, section 30.00027(a) does not grant appellant a right of appeal to this Court,
even to challenge the constitutionality of the ordinance he was found guilty of violating. Because
our jurisdiction has not been properly invoked, the appeals are dismissed.



 __________________________________________

 Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: July 18, 2007

Publish
1. The distinction between appellate jurisdiction and a defendant's right of appeal is not unique
to appeals from municipal courts of record. For example, a defendant who enters a bargained guilty
plea has only a limited right of appeal despite the broad grant of appellate jurisdiction found in
article 4.03. See Tex. R. App. P. 25.2(a)(2). 
2. As enacted in 1965, article 4.03 defined the jurisdiction of the court of criminal appeals and
excluded from the court's jurisdiction those cases appealed from an inferior court to the county court
in which the fine imposed by the county court did not exceed $100. See Code of Criminal
Procedure, 59th Leg., R.S., ch. 722, § 1, art. 4.03, 1965 Tex. Gen. Laws, vol. 2, at 317, 329-30. Our
research indicates that the first municipal court of record was created in 1969. See Act of
Apr. 1, 1969, 61st Leg., R.S., ch. 762, § 1, 1969 Tex. Gen. Laws 2255. Because all appeals from
inferior courts to the county court were by trial de novo when article 4.03 was originally enacted, it
is understandable why the jurisdictional restriction was worded as it was. The constitutional issue
exception to this jurisdictional limitation was added in 1981, when article 4.03 was amended to
define the criminal jurisdiction of the courts of appeals. See Act of May 31, 1981, 67th Leg., R.S.,
ch. 291, § 102, 1981 Tex. Gen. Laws 761, 802.