**Sherry W. AARONSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–89–00151–CR.**

Court of Appeals of Texas,
El Paso.

Sept. 27, 1989.

Robert Millard, El Paso, for appellant.

David C. Caylor, City Atty., Herbert M. Flemming, City Prosecutor, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction in municipal court for the offense of speeding. The court assessed a fine of $30.00, plus costs. The conviction was appealed to the El Paso Municipal Court of Appeals which affirmed the judgment of the trial court. We dismiss the appeal for want of jurisdiction.

By two points of error, the Appellant contends that only the county attorney can prosecute cases in municipal courts of record and that it is a violation of due process of law to permit the city attorney to prosecute such cases. He relies upon Article 5, Section 21 of the Texas Constitution which states that "The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; ...." He also contends that the holding in *Harris County v. Stewart*, 91 Tex. 133, 41 S.W. 650 (1897), controls in this case. In that case, which involved an offense prosecuted by the city attorney of Harris County before the city recorder (municipal court), the court said:

> The constitution vests in the county attorney the authority, and imposes upon him the duty, of representing the state in the district and inferior courts; and, if there was a county attorney in Harris county, then the provision of the charter of the city of Houston which authorized the city attorney to exercise the powers conferred upon the county attorney is contrary to the provision of the constitution above quoted. *State v. Moore*, 57 Tex. 307. In that event the city attorney

would have no official right to represent the state before the recorder, and could not be entitled, as city attorney, to fees for doing so.

The argument is made that since the controlling provision in the constitution has not been amended since the 1897 decision that it still controls today.

The city responds with the argument that the Corporation Act of 1899 provided in Section 8 that the city attorney or his deputy was authorized to prosecute all cases with the municipal court's jurisdiction. The city also relies upon the holding in *Ex parte Hart*, 41 Tex.Crim. 581, 56 S.W. 341 (1900) which upheld the constitutionality of the state law permitting the creation of corporation courts within each city, town and village in the state. Thus, the response that the Stewart holding no longer controls. The authority is now provided in Tex.Gov't.Code Ann. sec. 30.042 (Vernon 1988).

Interesting as the issue may be, this Court is without jurisdiction to entertain the appeal. If the underlying conviction in a municipal court does not result in a fine in excess of $100.00, then this Court's appellate jurisdiction is limited to constitutional challenges to the statute or ordinance upon which the conviction was based, i.e., the substantive law allegedly violated by the Appellant. Tex.Code Crim.Pro.Ann. art. 4.03 (Vernon Supp.1989); Tex.Gov't. Code Ann. sec. 30.073(a) (Vernon 1988). The points of error which Appellant seeks to present are not within the statutory scope of our appellate jurisdiction over municipal court convictions.

This attempted appeal is dismissed for want of jurisdiction.