**Jeffrey B. MEISNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–94–276–CR.

Court of Appeals of Texas,
Waco.

Sept. 29, 1995.

Wilson E. Hodge, Garland, for appellant.

Joe F. Grubbs, County and District Attorney, Cynthia W. Hellstern, Asst. County & District Attorney, Waxahachie, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

Appellant Jeffrey Meisner pled no contest to the traffic violation of "Digging Out" in the Waxahachie municipal court under section 32–132 of the City Code. WAXAHACHIE, TEX. CODE § 32–132 (1973). Meisner appealed to the County Court at Law of Ellis County. The court denied Meisner's petition to declare the ordinance unconstitutional for vagueness and his motion to quash the complaint. In a trial before the court, he was found guilty and assessed a $10 dollar fine.

In two points of error, Meisner argues that (1) the trial court committed error by denying his petition to declare the traffic ordinance unconstitutional for vagueness and uncertainty; and (2) the word "willfully" in section 32–132 was insufficient to determine the requisite culpable mental state required for the offense.

Under article 4.03 of the Texas Code of Criminal Procedure, the courts of appeals shall not have criminal jurisdiction in those cases appealed from any inferior court to the county court of law in which the fine imposed by the county court of law does not exceed $100 dollars, unless the sole issue is the constitutionality of the statute or ordinance upon which the conviction is based. TEX. CODE CRIM.PROC.ANN. art. 4.03 (Vernon 1994).

Since the fine does not exceed $100 and the second point is based upon non-constitutional grounds, we must dismiss this argument for lack of jurisdiction. However, because the sole issue remaining for disposition is a constitutional issue, we will consider Meisner's claim that the ordinance is unconstitutionally vague. *See Bidelspach v. State,* 840 S.W.2d 516, 519 n. 2 (Tex.App.—Dallas 1992), pet. dism'd, *improvidently granted,* 850 S.W.2d 183 (Tex.Crim.App.1993).

The record reflects that on April 7, 1993, at approximately 2:45 P.M., Meisner and his wife got in his pickup truck and left his place of business in Waxahachie to pick up their child from school. He pulled into the street, stopping at a red light at the next intersection. When the light turned green, Meisner turned left onto U.S. Highway 77. At trial, there was some evidence that it had been

raining that morning, and that the streets were wet. Meisner's truck squealed and spun its tires at both turns. Officer Barry Owens of the Waxahachie Police Department observed Meisner's actions, as he was stopped at the same intersection on Highway 77. Owens turned on his emergency lights and proceeded to pull Meisner over. The officer charged Meisner with two violations: (1) "Racing: Attempt to Outdistance" and (2) "Exhibition of Acceleration."

On May 14th, 1993, the State amended the complaint and charged Meisner with violating section 32–132 of the Waxahachie City Code, which provides:

> Any driver of any Motor Vehicle who shall *willfully cause such Vehicle to 'Dig Out,'* or shall cause any such Vehicle to make *unnecessary noise* by reason of operating such Vehicle in such manner as to cause the wheels thereof to spin or slide on the roadway of any street when starting such Vehicle or while making any turning movement shall be deemed guilty of a misdemeanor.

WAXAHACHIE, TEX.CODE § 32–132 (1973) (emphasis added).

In his sole remaining point of error, Meisner asserts that the phrases "to willfully cause ... to Dig Out" and "unnecessary noise" in section 32–132 are void for vagueness as applied to him, and thus make the ordinance unconstitutional under the United States Constitution. *See* U.S. CONST. amend. XIV.

■ Whenever an attack upon the constitutionality of a statute or ordinance is presented for resolution, we begin with the presumption that the statute is valid, and that the legislative body did not act arbitrarily or unreasonably in enacting the statute. *Ex Parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim.App.1978). We must uphold the ordinance if a reasonable construction can be determined that will render the ordinance constitutional. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979). The burden rests

upon the individual challenging the ordinance to prove its unconstitutionality. *Granviel,* 561 S.W.2d at 511. Furthermore, when no First Amendment rights are involved in a vagueness challenge, as here, we need only determine whether the ordinance is invalid as applied specifically to the appellant's conduct. *Clark v. State,* 665 S.W.2d 476, 483 (Tex. Crim.App.1984).

■ When examining a vagueness challenge, the reviewing court must make a two-part inquiry in order to determine if a criminal statute or ordinance is void for vagueness. *State v. Fry,* 867 S.W.2d 398, 401 (Tex.App.—Houston [1st Dist.] 1993, no pet.). The first inquiry is whether an individual of ordinary intelligence receives sufficient information from the statute that his conduct is proscribed by law. *Id.* The second inquiry must examine whether the ordinance provides sufficient notice to law enforcement personnel in order to prevent arbitrary and erratic enforcement of the ordinance. *Id.* Either of these inquiries form an independent ground to find a statute void for vagueness. *Id.*

In reviewing the Waxahachie ordinance, we find that it allows an individual to be convicted either on grounds of "willfully ... Dig[ging] Out" or for causing "unnecessary noise." Because no determination was made as to what part of the ordinance Meisner was convicted on, his constitutional claim will fail unless both sections of the statute are found void for vagueness.

■ Meisner argues that the terms in the Waxahachie ordinance are not sufficiently definite to give him notice that his conduct was proscribed. He argues that the phrase "willfully cause such vehicle to 'Dig Out' " is unconstitutionally vague and gives law enforcement officers unrestrained discretion in determining whether an individual has violated the ordinance. The Waxahachie Code sufficiently defines the term to "Dig Out,"[1] and it seems sufficiently clear in its meaning. However, the word "willful" presents some

---

1. The Waxahachie traffic code defines "Digging Out" as:

    The practice of starting any motor vehicle from a standing position by applying a sudden burst

of power, recognized by spinning rear wheels and noise of tires on the surface of the roadway.

WAXAHACHIE, TEX.CODE § 32–1 (1973).

problems, because it implies a requirement of mental culpability. Moreover, a requirement of scienter may mitigate a law's vagueness, especially with regard to the adequacy of notice to an individual that his conduct is proscribed. *Wisenbaker v. State,* 860 S.W.2d 681, 689 (Tex.App.—Austin 1993, pet. ref'd). However, the traffic code makes no attempt to define the term. While it is true that the ordinance is not specifically defined by the Waxahachie City Code, a statute is not rendered unconstitutionally vague merely because the words or terms are not specifically defined. *Floyd v. State,* 575 S.W.2d 21, 23 (Tex.Crim.App.1978). Terms not specifically defined are to be given their plain and ordinary meaning. *Courtemanche v. State,* 507 S.W.2d 545, 546 (Tex.Crim.App.1974). It is not required that these statutes or ordinances be defined with mathematical exactitude, only that they provide fair notice to individuals, in light of common understanding and practices. *Boyce Motor Lines v. U.S.,* 342 U.S. 337, 340, 72 S.Ct. 329, 330, 96 L.Ed. 367 (1952). In addition, words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence are not to be considered vague and indefinite. *Floyd,* 575 S.W.2d at 23.

■ What exactly constitutes "willful" conduct? The United States Supreme Court has stated that "'willful' is a word 'of many meanings, its construction often being influenced by its context.'" *Screws v. State,* 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945). However, in the context of the Waxahachie City Code, the word "willful" is not adequately defined. In the absence of a statutory definition, we must look to how the term is measured by common understanding and practices. Unfortunately, the dictionary provides no guidance in defining this term either. For example, Black's Law Dictionary has almost a page and a half of definitions describing the different uses of "willful." BLACK'S LAW DICTIONARY 1599–1600 (6th ed.1990). The absence of any recognizable standard prevented Meisner from determining that his conduct was illegal.

■ With regard to the second inquiry, laws must provide specific standards for those who apply them in order to prevent arbitrary and discriminatory enforcement. *See Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Police cannot enforce the law solely at their discretion. *See id.* at 108–109, 92 S.Ct. at 2299. A law that imposes a criminal penalty is subject to a greater degree of scrutiny by a reviewing court. *Lear v. State,* 753 S.W.2d 737, 740 (Tex.App.—Austin 1988, no pet.). At trial, Officer Owens stated that it was purely in his discretion to determine if Meisner acted "willfully." In other words, the arresting officer can arbitrarily legislate the meaning of "willful," whether it refers to intentional, knowing, or reckless conduct among others, in order to cite an individual with a violation of the ordinance. Although we are required to find that the ordinance is vague under only one of the two inquiries, we find that the first section of the ordinance fails both inquiries and is so vague that men of common intelligence must guess as to its meaning and differ as to its application.

■ Meisner also argues that the term "unnecessary noise" is unconstitutional based on vagueness grounds. A discussion of the possible vagueness of the phrase "unnecessary noise" presents a much closer question. Our legal system has long held to the proposition that an individual must be given fair notice of the offending conduct proscribed by law. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). The Waxahachie ordinance does not provide adequate notice of what constitutes unnecessary noise. It gives law enforcement officers unfettered discretion in determining what constitutes a violation. It is true that law enforcement officers must exercise some level of discretion in enforcing the law. *Grayned,* 408 U.S. at 112, 92 S.Ct. at 2301. However, this discretion must be limited by certain recognizable boundaries to insure due process for all individuals. Moreover, these boundaries are determined in part by the nature of the conduct that is proscribed as well other measuring factors, such as when and where the conduct is illegal. *See id.* In *Grayned v.*

*City of Rockford*, the appellant, Grayned was charged with violating a Rockford, Illinois, anti-noise ordinance which provided:

> No person, while on public or private grounds adjacent to any building in which a school or any class thereof is in session, shall willfully make or assist in the making of any noise or diversion which disturbs or tends to disturb the peace or good order of such school session or class thereof. . . .

*Id.* In finding the ordinance constitutional, Justice Douglas writes:

> Although the prohibited quantum of disturbance is not specified in the ordinance, it is apparent from the statute's announced purpose that the measure is whether normal school activity has been or is about to be disrupted. We do not have here a vague, general 'breach of the peace' ordinance, but a statute written specifically for the school context, where the prohibited disturbances are easily measured by their impact on the normal activities of the school. Given this 'particular context,' the ordinance gives 'fair notice to those to whom (it) is directed.'

*Id.* The present case differs from *Grayned.* Unlike the Rockford ordinance, the Waxahachie traffic ordinance lacks any context. It provides that an individual violates the ordinance if he causes "unnecessary noise" when spinning his wheels or turning his vehicle. This phrase allows the law enforcement officer to subjectively legislate the meaning of the statute. The ordinance does not provide any boundaries that allow ordinary individuals or law enforcement personnel to determine what conduct is proscribed. While an ordinance is not vague based solely on the fact that it is not limited by such factors as time and manner, such lack of boundaries is persuasive that the ordinance is lacking in definiteness. *See Corwin v. State,* 870 S.W.2d 23, 40 n. 3 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 95, 130 L.Ed.2d 44 (1994). What may be deemed unnecessary noise to the officer may seem perfectly reasonable to another officer or the public in general.

Moreover, when is noise considered unnecessary? Not only do people differ upon what is unnecessary noise at one period of the day, but it is reasonable to assume that individuals would also have varying opinions of what is unreasonable depending on the time of day. Surely noise considered reasonable by some people at eleven in the morning may be totally unreasonable at eleven at night.

Furthermore, the conditions of the environment also effect what is reasonable. In the present case, there is evidence in the record that it had been raining earlier that morning, and that when Meisner pulled out of the parking lot and subsequently turned left at the intersection, his tires spun on the wet surface, making a noise. It is possible that the squealing of tires and spinning of wheels upon a wet road was necessary. The ordinance did not provide sufficient notice to Meisner that his conduct was proscribed.

In addition, this ordinance failed to provide sufficient notice to the Waxahachie police officers of what conduct is proscribed. Officer Owens was unsure what conduct was proscribed by the Waxahachie City Code. In fact, the ordinance was apparently so indefinite and imprecise that Owens charged Meisner under two other provisions of the traffic code, "Racing—Attempting to Outdistance" and "Exhibition of Acceleration."

Moreover, the Ellis County District Attorney's office amended the complaint so as to charge Meisner with a violation of section 32–132 as opposed to "Racing: Attempt to Outdistance" and "Exhibition of Acceleration" as originally charged. Due to the lack of precision and definiteness in the ordinance, the district attorney was able to construe the ordinance to fit the offense. Thus we find that there is no context in the statute in which to define its meaning for ordinary individuals or law enforcement personnel and that it allows for arbitrary and discriminatory enforcement.

Therefore, we find both parts of Section 32–132 of the Waxahachie City Code void for vagueness as applied to Meisner's conduct, and thus the trial court erred in denying appellant's motion to quash the complaint. Point one is sustained and the judgment is reversed and remanded with instructions to dismiss the complaint.