Michael Beals Ellis v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-98-070-CR
                                                  10-98-071-CR
                                                  10-98-072-CR

     MICHAEL BEALS ELLIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court Nos. 974156 CR2 & 974157 CR1 & 974158 CR2 
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The State of Texas has filed a motion to dismiss for want of jurisdiction in Cause Numbers
98-070-CR, 98-071-CR, and 98-072-CR. We will grant the motion and dismiss the appeals for
want of jurisdiction.
      Michael B. Ellis was found guilty of three traffic violations


 in the Municipal Court of the
City of Woodway. He appealed the three convictions to the County Court at Law No. 2 of
McLennan County. After a trial de novo, the county court at law found Ellis guilty in each cause
and assessed punishment of a $99 fine.
      Ellis filed a general notice of appeal and [filed] a brief raising three points of error. He has
informed this court that no reporter's record will be filed. 
      The State's motion to dismiss correctly states that “[t]he right to appeal a criminal conviction
is a substantive right solely within the province of the Legislature.” Lyon v. State, 872 S.W.2d
732, 734 (Tex. Crim. App. 1994). The Legislature has restricted the right of appeal in certain
cases:
The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their
respective districts in all criminal cases except those in which the death penalty has been
assessed. This Article shall not be so construed as to embrace any case which has been
appealed from any inferior court to the county court, the county criminal court, or county
court at law, in which the fine imposed by the county court, the county criminal court or
county court at law does not exceed one hundred dollars, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 1998). 
      Article 4.03 applies to the these three causes. The trials were de novo in the county court at
law on appeal from the municipal court, the fine assessed does not exceed $100, and Ellis does
not contest the constitutionality of the statutes or ordinances upon which he was convicted. Ex
parte Brand, 822 S.W.2d 636, 639 n.3 (Tex. Crim. App. 1992); Meisner v. State, 907 S.W.2d
664, 666 (Tex. App.—Waco 1995, no pet.); Resnedez v. State, 738 S.W.2d 41, 42 (Tex.
App.—Houston [1st Dist.] 1987, no pet.).
      We grant the State's motion in each case and dismiss the appeals in Cause Numbers 98-070-CR, 98-071-CR, and 98-072-CR for want of jurisdiction.
PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed July 15, 1998
Do not publish
 



tends the evidence is insufficient to prove he
was the alleged robber.
      The test for reviewing the sufficiency of the evidence is set out under our discussion of
Appellant's point one in the aggravated sexual assault case, supra.
      Complainant David Powell identified Appellant in court as the man who broke into his
apartment, came into his bedroom, fought, choked, stabbed, threatened, and stole from him. 
Additionally, Officer Wren conducted an out-of-court photo lineup from which complainant
identified Appellant as the robber. Further, Appellant's fingerprints were found on the metal
frame of the screen from the window of complainant's apartment and on a bottle of cologne in
complainant's bedroom.
      The trial court, as the factfinder, was the sole judge of the credibility of the witnesses and the
weight to be given their testimony. The court chose to accept the testimony of the complainant
and the officer as true, thus resolving any conflict in the testimony against Appellant.
      Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt that Appellant was the person who committed the robbery.
      Appellant's point of error one in the robbery case is overruled.
      Appellant's point of error one in the burglary of a habitation case is: "The evidence is
insufficient to establish the offense of burglary." Specifically, Appellant contends the evidence
is insufficient to prove that he entered complainant's apartment with the specific intent to commit
theft."
      We refer to our discussion of the test for reviewing a sufficiency of the evidence challenge,
supra.
      Complainant Leonardo Gomez testified he left his apartment at 6:00 a.m. on September 26,
1994, to go to work. Complainant's neighbors, Sherman and Jenkins, testified that at 7:15 a.m.
on the same day, they heard glass break in complainant's apartment, looked up, and saw Appellant
lying on the sun deck of the apartment. Jenkins called to Appellant, asking him what he was doing
there, and Appellant replied he was waiting for his uncle to come home. Jenkins testified he knew
the statement was untrue and that he called 911. Sherman saw appellant climb around the ledge
of the sun deck and window of complainant's apartment and later saw Appellant walk in and out
of the door to the complainant's sun deck.
      Officers Curtis and Kidd responded to the burglary called in on 911. They went to the
apartment and knocked on the door. Appellant answered the door wearing a towel wrapped
around his waist. When the officers asked him what he was doing in the apartment, Appellant told
them he had lived in the apartment with his uncle, but did not have a key so he had broken a
window to get in. Complainant did not know Appellant; when contacted at work, complainant
came home and found a broken window and found that his jambox had been moved over next to
the broken window.
      A defendant's intent to commit theft, when entering a habitation, can be inferred from both
his conduct and the surrounding circumstances. Ortega v. State, 626 S.W.2d 746, 749 (Tex.
Crim. App. 1981).
      In this case, the trial judge, as the factfinder, chose to accept the testimony of the
complainant, his neighbors, and the police officers as true, resolving all conflicts in testimony
against Appellant. That decision may not be disturbed on appeal. Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). 
      Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could
have found beyond a reasonable doubt that Appellant intended to commit theft when he broke into
complainant's apartment.
      Appellant's point of error one in the burglary case is overruled.
      Appellant's point of error two, in all three of his appeals, asserts: "The trial court erred by
denying Appellant's motion for a continuance." Specifically, Appellant contends the trial court
abused its discretion in denying his motion for continuance.
      On the first day of trial, Appellant testified that his aunt, Teresa Sandoval, and his brother
could corroborate his testimony that he was out of town when the burglary and robbery took place. 
He knew his brother's address and phone number, and the phone number of his aunt. At the end
of the first day of trial, the court authorized $500 for a private investigator to locate Appellant's
aunt and brother. The next morning the investigator reported that he was unable to locate the aunt
and brother. Following this testimony, the State presented evidence in the sexual assault case. 
At that time Appellant made an oral motion for a continuance "to see if we could find the
defendant's aunt and brother and to do further scientific testing to determine whether the defendant
would be a positive match for the rape kit." The motion was denied.
      Articles 23.03, 29.06 and 29.08, Texas Code of Criminal Procedure, require that a motion
for continuance be in writing, sworn to, and if to locate a missing witness, give the residence of
the witness and the diligence which has been used to procure his attendance. 
      To preserve a review of the denial of a continuance, a defendant must execute a motion in
compliance with the above requirements, which Appellant did not do. Montoya v. State, 810
S.W.2d 160, 176 (Tex. Crim. App. 1980), cert. denied, 502 U.S. 961.
      Further, to preserve error from the denial of a motion for continuance, based on absent
evidence or witnesses, required the filing of a sworn motion for a new trial accompanied by
affidavits or other evidence showing the materiality of the missing evidence or witness. Leach v.
State, 548 S.W.2d 383, 384, 385 (Tex. Crim. App. 1977). Appellant executed no such motion.
      The determination to grant or deny a motion for continuance lies within the sound discretion
of the trial court and may not be disturbed on appeal absent a showing of abuse of discretion. 
Taylor v. State, 612 S.W.2d 566, 570 (Tex. Crim. App. 1981).
      As stated, Appellant made only an oral unsworn motion for continuance and did not file a
motion for a new trial. The trial court's denial of Appellant's motion was not an abuse of
discretion.
      Appellant's point of error two is overruled in all three cases.
      The judgments, in all three cases, are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 6, 1996
Do not publish