Michael Beals Ellis v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-98-070-CR
                                                  10-98-071-CR
                                                  10-98-072-CR

     MICHAEL BEALS ELLIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court Nos. 974156 CR2 & 974157 CR1 & 974158 CR2 
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The State of Texas has filed a motion to dismiss for want of jurisdiction in Cause Numbers
98-070-CR, 98-071-CR, and 98-072-CR. We will grant the motion and dismiss the appeals for
want of jurisdiction.
      Michael B. Ellis was found guilty of three traffic violations


 in the Municipal Court of the
City of Woodway. He appealed the three convictions to the County Court at Law No. 2 of
McLennan County. After a trial de novo, the county court at law found Ellis guilty in each cause
and assessed punishment of a $99 fine.
      Ellis filed a general notice of appeal and [filed] a brief raising three points of error. He has
informed this court that no reporter's record will be filed. 
      The State's motion to dismiss correctly states that “[t]he right to appeal a criminal conviction
is a substantive right solely within the province of the Legislature.” Lyon v. State, 872 S.W.2d
732, 734 (Tex. Crim. App. 1994). The Legislature has restricted the right of appeal in certain
cases:
The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their
respective districts in all criminal cases except those in which the death penalty has been
assessed. This Article shall not be so construed as to embrace any case which has been
appealed from any inferior court to the county court, the county criminal court, or county
court at law, in which the fine imposed by the county court, the county criminal court or
county court at law does not exceed one hundred dollars, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 1998). 
      Article 4.03 applies to the these three causes. The trials were de novo in the county court at
law on appeal from the municipal court, the fine assessed does not exceed $100, and Ellis does
not contest the constitutionality of the statutes or ordinances upon which he was convicted. Ex
parte Brand, 822 S.W.2d 636, 639 n.3 (Tex. Crim. App. 1992); Meisner v. State, 907 S.W.2d
664, 666 (Tex. App.—Waco 1995, no pet.); Resnedez v. State, 738 S.W.2d 41, 42 (Tex.
App.—Houston [1st Dist.] 1987, no pet.).
      We grant the State's motion in each case and dismiss the appeals in Cause Numbers 98-070-CR, 98-071-CR, and 98-072-CR for want of jurisdiction.
PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed July 15, 1998
Do not publish