IN THE
TENTH COURT OF APPEALS
 

No. 10-98-082-CR

     MICHAEL B. ELLIS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 974154 CR2
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The State of Texas has filed a motion to dismiss for want of jurisdiction in Cause Number 98-082-CR. We will grant the motion and dismiss the appeal for want of jurisdiction.
      Michael B. Ellis was found guilty of a traffic violation—failing to wear a safety belt—in the
Municipal Court of the City of Beverly Hills. He appealed the conviction to the County Court at
Law No. 2 of McLennan County. After a trial de novo, the county court at law found Ellis guilty
and assessed punishment of a $50 fine.
      Ellis filed a general notice of appeal and filed a brief raising four points of error. He has
informed this court that no reporter's record will be filed. 
      The State's motion to dismiss correctly states that “[t]he right to appeal a criminal conviction
is a substantive right solely within the province of the Legislature.” Lyon v. State, 872 S.W.2d
732, 734 (Tex. Crim. App. 1994). The Legislature has restricted the right of appeal in certain
cases:
The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their
respective districts in all criminal cases except those in which the death penalty has been
assessed. This Article shall not be so construed as to embrace any case which has been
appealed from any inferior court to the county court, the county criminal court, or county
court at law, in which the fine imposed by the county court, the county criminal court or
county court at law does not exceed one hundred dollars, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 1998). 
      Article 4.03 applies to this cause. The trial was de novo in the county court at law on appeal
from the municipal court, the fine assessed does not exceed $100, and Ellis does not contest the
constitutionality of the statute or ordinance upon which he was convicted. Ex parte Brand, 822
S.W.2d 636, 639 n.3 (Tex. Crim. App. 1992); Meisner v. State, 907 S.W.2d 664, 666 (Tex.
App.—Waco 1995, no pet.); Resnedez v. State, 738 S.W.2d 41, 42 (Tex. App.—Houston [1st
Dist.] 1987, no pet.).
      We grant the State's motion and dismiss the appeal for want of jurisdiction.
PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed July 22, 1998
Do not publish



;  FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 27, 1999
Do not publish