Cecil A. Sedberry and Bonnie M. Sedberry v. Helen Lorraine Scattergood















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-369-CV

     CECIL A. SEDBERRY
     AND BONNIE M. SEDBERRY,
                                                                              Appellants
     v.

     HELEN LORRAINE SCATTERGOOD,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 99-05-11899BCCV
                                                                                                                
   
MEMORANDUM OPINION
                                                                                                                
   
      The driveway to Helen Lorraine Scattergood’s home crosses the western twenty-five feet
of property owned by Cecil A. Sedberry and Bonnie M. Sedberry. The Sedberrys advised
Scattergood that she could no longer use this driveway. She filed suit to enjoin them from
interfering with her continued use of the driveway. The court granted the relief requested, and
the Sedberrys appealed.
      The Sedberrys timely filed a notice of appeal on December 29, 1999. The clerk’s record
was filed on January 5, 2000. The Sedberrys failed to pay or make arrangements to pay the
court reporter’s fee for preparation of the reporter’s record after being warned of the need to
do so by letter dated March 16. Accordingly, we advised them on April 6 that their appeal
would be limited to issues which do not require a reporter’s record for decision and that they
had thirty days within which to file a brief. See Tex. R. App. P. 37.3(c)(2). To date, no brief
has been filed.
      Appellate Rule 38.8(a)(1) provides that if appellants fail to timely file their brief, the
Court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains
the failure and the appellee is not significantly injured by the appellant’s failure to
timely file a brief.

Id. 38.8(a)(1).
      More than thirty days have passed since the Sedberrys' brief was due. We notified them
of this defect by letter on May 18 and warned them that their appeal would be dismissed if they
failed to file a brief or other response showing grounds for continuing the appeal. Id.
38.8(a)(1), 42.3, 44.3. The Sedberrys have not responded to this letter. Accordingly, this
appeal is dismissed for want of prosecution. Id. 38.8(a)(1). Costs are taxed against the
Sedberrys.
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed for want of prosecution
Opinion delivered and filed June 14, 2000
Do not publish



s record will be filed. 
      The State's motion to dismiss correctly states that “[t]he right to appeal a criminal conviction
is a substantive right solely within the province of the Legislature.” Lyon v. State, 872 S.W.2d
732, 734 (Tex. Crim. App. 1994). The Legislature has restricted the right of appeal in certain
cases:
The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their
respective districts in all criminal cases except those in which the death penalty has been
assessed. This Article shall not be so construed as to embrace any case which has been
appealed from any inferior court to the county court, the county criminal court, or county
court at law, in which the fine imposed by the county court, the county criminal court or
county court at law does not exceed one hundred dollars, unless the sole issue is the
constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 1998). 
      Article 4.03 applies to the these three causes. The trials were de novo in the county court at
law on appeal from the municipal court, the fine assessed does not exceed $100, and Ellis does
not contest the constitutionality of the statutes or ordinances upon which he was convicted. Ex
parte Brand, 822 S.W.2d 636, 639 n.3 (Tex. Crim. App. 1992); Meisner v. State, 907 S.W.2d
664, 666 (Tex. App.—Waco 1995, no pet.); Resnedez v. State, 738 S.W.2d 41, 42 (Tex.
App.—Houston [1st Dist.] 1987, no pet.).
      We grant the State's motion in each case and dismiss the appeals in Cause Numbers 98-070-CR, 98-071-CR, and 98-072-CR for want of jurisdiction.
PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed July 15, 1998
Do not publish