11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Marvin L.
Harrison

Appellant

Vs.      
            No. 11-00-00289-CR B Appeal from Taylor County

State of Texas

Appellee

 

This is an
appeal from an adverse ruling on a motion to suppress filed in an expired
inspection sticker case.  A justice of
the peace originally convicted Marvin L. Harrison of failing to display a valid
inspection certificate.  Appellant
appealed to the County Court at Law No. 1, where a jury also convicted him of
the offense.  The county court at law
assessed appellant=s
punishment at a fine of $100.  We
dismiss the appeal to this court for want of jurisdiction.

On the
date of the offense, Texas Department of Public Safety Trooper Larry Brown, a
license and weight inspector, stopped appellant=s
commercial vehicle.  Trooper Brown
intended to perform an inspection of the vehicle; and, as he approached it, he
noticed that the inspection sticker was expired.  Trooper Brown ticketed appellant for the offense.  

Appellant
claims that the trial court abused its discretion when it denied his motion to
suppress.  He maintains that TEX.
TRANSP. CODE ANN. '
644.103 (Vernon Supp. 2001), the statute under which Trooper Brown was
performing the inspection, infringes upon constitutional protections afforded
him by virtue of the Fourth Amendment to the United States Constitution and by
Article I, section 9 of the Texas Constitution.

Section
644.103 provides, in relevant part, as follows:

(a) An officer of the department may enter or
detain on a highway or at a port of entry a motor vehicle that is subject to
this chapter.

 

(b) A
police officer who is certified under Section 644.101 may detain on a highway
or at a port of entry within the territory of the municipality a motor vehicle
that is subject to this chapter.

 








(c) An
officer who detains a vehicle under this section may prohibit the further
operation of the vehicle on a highway if the vehicle or operator of the vehicle
is in violation of a federal safety regulation or a rule adopted under this
chapter.

 

We do not have jurisdiction to entertain this appeal
because the fine imposed does not exceed $100 and because the issue on appeal
does not involve the constitutionality of the statute or ordinance upon which
appellant=s conviction
was based.  TEX. CODE CRIM. PRO. ANN.
art. 4.03 (Vernon Supp. 2001); TEX. GOV=T CODE ANN. ' 30.00027
(Vernon Supp. 2001); Bass v. State, 399 S.W.2d 558 (Tex.Cr.App.1966); Aaronson
v. State, 779 S.W.2d 472 (Tex.App. ‑ El Paso 1989, no pet=n).  Appellant=s conviction was based on TEX. TRANSP.
CODE ANN. ' 548.602 (Vernon
Supp. 2001).  He does not challenge the
constitutionality of that statute.  

The appeal is dismissed.[1]  

 

JIM
R. WRIGHT

JUSTICE

 

September 20, 2001                 

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.

 











     [1]Moreover, we note that the precise issue presented by
appellant in this case was considered and rejected by the court in United
States v. Fort, 81 F. Supp. 2d 694 (N.D. Tex. 2000).