In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-396 CR


NO. 09-02-397 CR


____________________



ELIJAH WHITE RATCLIFF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law


Polk County, Texas


Trial Cause Nos. 2002-0217 and 2002-0218






MEMORANDUM OPINION


 A jury convicted Elijah White Ratcliff of failure to yield right of way in Cause No.
2002-0217 (Appeal No. 09-02-396 CR). In Cause No. 2002-0218 (Appeal No. 09-02-397
CR), the same jury convicted Ratcliff of operating an unregistered motor vehicle. In each
case, the trial court assessed a $45.00 fine as punishment for the offense. Because the
appeals involve the application of well-settled principles of law, we deliver this
memorandum opinion. Tex. R. App. P. 47.4. 

 Ratcliff presents four issues on appeal: 

 Issue I: Unsubstantiated and hearsay testimony though inadmissible
was illegally utilized against Appellant during the trial below.


 Issue II: The accused was denied access to legal process to which he
was statutorily and constitutionally entitled.


 Issue III: Appellant was entitled to a specific jury instruction or a
judgment non obstante veridicto [sic] based on the absence of
admissible evidence to support a guilty verdict.


 Issue IV: The rulings of the trial Court infringed upon Appellant's
Constitutional rights mandated by the First, Sixth and Fourteenth
Amendments to the United States Constitution. 


 The State challenges our jurisdiction to address the issues raised by the appellant. 
Article 4.03 of the Texas Code of Criminal Procedure determines our jurisdiction in this
matter. It provides:

 The Courts of Appeals shall have appellate jurisdiction coextensive
with the limits of their respective districts in all criminal cases except those
in which the death penalty has been assessed. This Article shall not be so
construed as to embrace any case which has been appealed from any inferior
court to the county court, the county criminal court, or county court at law,
in which the fine imposed by the county court, the county criminal court or
county court at law does not exceed one hundred dollars, unless the sole
issue is the constitutionality of the statute or ordinance on which the
conviction is based.

 

Tex. Code Crim. Proc. Ann. art. 4.03 (Vernon Supp. 2003).


 Ratcliff pleaded nolo contendere before the municipal court and was assessed fines
of $125.00 and $110.00. On appeal, the county court at law conducted a trial de novo and
assessed fines that did not exceed $100. Therefore, our jurisdiction is not invoked unless
the appellant complains that the statutes on which his conviction was based are 
unconstitutional. See Tex. Transp. Code Ann. § 502.407 (Vernon Supp. 2003); Tex.
Transp. Code Ann. §§ 542.301, 545.152 (Vernon 1999). Montpas v. State, 997 S.W.2d
650, 651 (Tex. App.--Dallas 1999, no pet.); Bidelspach v. State, 840 S.W.2d 516, 519
(Tex. App.--Dallas 1992), pet. dism'd, 850 S.W.2d 183 (Tex. Crim. App. 1993) (Court
of Appeals lacked jurisdiction over challenge to sufficiency of the evidence); Aaronson v.
State, 779 S.W.2d 472, 473 (Tex. App.--El Paso 1989, no pet.)(Court of Appeals lacked
jurisdiction to consider claim of denial of due process). Compare Meisner v. State, 907
S.W.2d 664, 666 (Tex. App.--Waco 1995, no pet.) (Court of Appeals had jurisdiction to
consider claim that traffic ordinance was unconstitutionally vague.). Ratcliff's brief on
issue four states, "Appellant contested the Citations giving rise to the subject Appeal to
establish the invalidity and resulting constitutionality of the subject Citations." His
argument complains of the actions of the courts below, without any mention of or
argument relating to the constitutionality of the statutes that Ratcliff was convicted of
violating. We have no jurisdiction over the appeals. The appeals are dismissed for want
of jurisdiction.

 APPEALS DISMISSED.


 PER CURIAM



Submitted on February 18, 2003

Opinion Delivered February 26, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.