

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-16-00105-CR

_____

TERRY DEON NOBLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 70,311-E; Honorable Douglas Woodburn, Presiding

October 18, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following an open plea of guilty, Appellant, Terry Deon Noble, was convicted of possession of methamphetamine, with intent to deliver, in an amount of four grams or more but less than two hundred grams.[1] His conviction was enhanced by two prior

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). An offense under this section is a first degree felony. _Id._ at (d).

felony convictions and the trial court sentenced him to thirty-five years confinement.[2]

Appellant presents two issues on appeal challenging his conviction on the ground that the municipal ordinance which he allegedly violated is unconstitutionally vague. Ancillary to his issues, he argues "the fruits of the illegal stop should have been suppressed."[3]  We affirm.

BACKGROUND

At approximately 3:00 a.m. in downtown Amarillo with no traffic in the area, Appellant was "revving his engine" while stopped at a traffic light in the lane next to Officer Michael Clay Rolan.  Officer Rolan, who was in uniform, was driving an undercover vehicle while Appellant was driving a red Ford Mustang.  The officer testified that when the light turned green, Appellant "cram[med] the accelerator, burn[ed] the tires," and moved into the intersection as if attempting to race him.  The officer activated the emergency lights of his vehicle and stopped Appellant for exhibition of acceleration in violation of section 16-3-116(e) of the Amarillo Municipal Code.  The stop resulted in a search of Appellant's vehicle which lead to the discovery of 27.22 grams of a substance that contained methamphetamine.  Appellant was arrested without a warrant.

Appellant contested the stop in municipal court by filing a motion to quash on the basis that the ordinance was unconstitutionally vague.  After his motion was denied, he

---

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016).  The two prior felony convictions increased the range of punishment to life or for any term of not more than ninety-nine years or less than twenty-five years.

[3] In response to Appellant's issues, the State contends he has "failed to assert a lawful basis for the relief he is seeking in this appeal."  The State expounds that Appellant's motion to suppress based on his argument that the ordinance at issue is unconstitutional does not attack the lawfulness of the stop. We disagree.  A challenge to the constitutionality of the ordinance questions the very basis for the stop. *See generally Delacruz v. State*, No. 07-15-00230-CR, 2017 Tex. App. LEXIS 6018 (Tex. App.—Amarillo June 29, 2017, no pet.) (challenging constitutionality of a penal statute on appeal after his motion to suppress was denied and he entered into a plea bargain).

was tried before a jury and found guilty of violating section 16-3-116(e) of the Amarillo Municipal Code. He appealed that verdict and his case was assigned to Potter County Court at Law Number Two.

After his municipal court conviction but before his appeal to county court at law, Appellant was indicted in Potter County for possession with intent to deliver methamphetamine in an amount of four grams or more but less than two hundred grams. After the appeal of his Municipal Court conviction was filed, he filed a written motion to suppress in district court, again citing the unconstitutional vagueness of section 16-3-116(e) as the basis for his motion.

In his motion before the district court, Appellant alleged the city ordinance was unconstitutionally vague for two reasons. First, he argued it failed to provide sufficient notice to give a person of ordinary intelligence notice that his conduct was proscribed by law. Second, he maintained the ordinance did not provide sufficient notice to law enforcement personnel to prevent arbitrary and erratic enforcement. After hearing arguments,[4] the trial court signed an order denying the motion to suppress. At the time of the district court's ruling, the county court at law had not determined Appellant's appeal from the municipal court verdict. Per Appellant's request, the district court entered *Findings of Fact and Conclusions of Law on Defendant's Motion to Suppress.* Following the denial of his motion to suppress, Appellant subsequently entered into a plea bargain on the drug charge without a recommendation on punishment. He pleaded

---

[4] The transcription from the municipal court hearing was admitted into evidence in lieu of live testimony.

"guilty" to the possession offense and "true" to two prior felony enhancements. The trial court assessed his sentence at thirty-five years confinement.

APPLICABLE LAW—AMARILLO MUNICIPAL CODE

Section 16-3-116(e) of the Amarillo Municipal Code provides as follows:

It is an offense for a person to operate a motor vehicle upon a city street or alley exhibiting sudden vehicle speed or acceleration which produces noise, smoking tires, or causes one (1) or more tires to lose contact with the surface of the street or alley.

CONSTITUTIONALITY OF ORDINANCE—VAGUENESS

The same rules apply to the construction of municipal ordinances as apply to the construction of statutes. *Mill v. Brown*, 316 S.W.2d 720, 723 (Tex. 1958). We begin with the presumption that a statute or ordinance is valid and the enacting political body did not act in an unreasonable or arbitrary manner. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). The party challenging the statute has the burden to prove it is unconstitutional. *Lawrence v. State*, 211 S.W.3d 883, 890 (Tex. App.—Dallas 2006), *aff'd*, 240 S.W.3d 912 (Tex. Crim. App. 2007). If a statute is capable of two constructions, one of which sustains its validity, the courts will give to it that interpretation. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). Additionally, when, as here, First Amendment rights are not involved, we need only determine whether the ordinance is impermissibly vague as applied to Appellant's conduct. *See Clark v. State*, 665 S.W.2d 476, 483 (Tex. Crim. App. 1984).

"It is a basic principle of due process that a statute is void for vagueness if its prohibitions are not clearly defined." *State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006) (citing *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.

4

Ct. 839, 31 L. Ed. 2d 110 (1972)). The void-for-vagueness doctrine requires that a statute or ordinance define the offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited and the offense must be defined in a manner that avoids arbitrary and discriminatory enforcement. *Id.* While a statute or ordinance need not be precisely detailed, it must be sufficiently precise as to provide fair warning in light of common understanding and practices. *Ex parte Bradshaw*, 501 S.W.3d 665, 677 (Tex. App.—Dallas 2016, pet. ref'd). Furthermore, a statute is not vague simply because it fails to define critical words or terms. *Holcombe*, 187 S.W.3d at 500. A statute or ordinance is unconstitutionally vague if the persons regulated by it are exposed to an unreasonable risk or detriment without fair warning or if it invites arbitrary and discriminatory enforcement by its lack of guidance to those charged with its enforcement. *Noell v. City of Carrollton*, 431 S.W.3d 682, 699 (Tex. App.—Dallas 2014, pet. denied). A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972).

Terms not defined in a statute are to be given their plain and ordinary meaning, and words defined in dictionaries and with meanings so well-known as to be commonly understood by a person of ordinary intelligence are not to be considered vague and indefinite. *See Watson v. State*, 369 S.W.3d 865 (Tex. Crim. App. 2012). *See also Meuret v. State*, 500 S.W.3d 539, 553 (Tex. Crim. App. 2016). A statute provides fair notice of prohibited or required conduct and adequate guidelines for law enforcement if

5

it communicates its reach in words of common understanding. *Baird v. State*, 212 S.W.3d 624, 629 (Tex. App.—Amarillo 2006, pet. ref'd).

ANALYSIS

By his two issues, Appellant challenges section 16-3-116(e) of the Amarillo Municipal Code as being unconstitutionally vague. Relying on *Meisner v. State*, 907 S.W.2d 664, 667 (Tex. App.—Waco 1995, no pet.), he focuses his arguments on the "noise" element of the ordinance. He also disputes that he was "accelerating" and asserts that the record lacks testimony of "smoking tires or one or more tires losing contact with the roadway."

In *Meisner*, the Waco Court of Appeals found a city ordinance unconstitutionally vague for failing to provide sufficient notice of the proscribed conduct. *Id.* at 668. The ordinance prohibited a driver from "willfully" causing his vehicle to "dig out" or make "unnecessary noise by reason of operating such Vehicle in such manner as to cause the wheels thereof to spin or slide on the roadway. . . ." The court found "willfully" to be problematic for implying a requirement of mental culpability and having too many dictionary definitions to provide guidance to a person of ordinary intelligence of illegal conduct. *Id.*

Regarding "unnecessary noise," the court pondered, "when is noise considered unnecessary?" *Id.* at 669. The court concluded it was reasonable to assume that individuals would have varying opinions of what constituted "unreasonable noise" depending on the time of day. *Id.* It found the phrase did not provide adequate notice of what constitutes prohibited conduct. It also recognized that officers had unfettered

6

discretion (not limited by certain recognizable boundaries) in determining violations of the ordinance. *Id.* at 668. In finding the ordinance in question unconstitutionally vague, the court reasoned that the phrase "unnecessary noise" allowed officers to subjectively legislate the meaning of the ordinance and did not provide the accused sufficient notice that his conduct was proscribed. *Id.* at 669.

As stated above, section 16-3-116(e) of the Amarillo Municipal Code prohibits "sudden vehicle speed or acceleration" which produces noise, smoking tires, or causes one or more tires to lose contact with the surface of the street or alley. As such, the Amarillo ordinance differs significantly from the one at issue in *Meisner* requiring "unnecessary noise." In section 16-3-116(e), the disjunctive conjunction "or" in the first part of the ordinance requires "sudden speed *or* acceleration" and the second part of the ordinance requires that the "speed" or "acceleration" in question produce either "noise," "smoking tires," *or* "one (1) or more tires to lose contact with the surface of the street or alley." The modifier "sudden" allows significantly less subjective latitude than does the modifier "unnecessary." As such, *Meisner* is not controlling authority.

Appellant's focus on the "noise" element of the ordinance includes reference to the Pedestrian Safety Enhancement Act of 2010,[5] which requires all motor vehicles in the United States to make noise as a safety standard for alerting blind persons and others of motor vehicle operations. Thus, he posits that under the Amarillo ordinance, every driver who operates a motor vehicle violates the ordinance when they accelerate. We disagree with his argument because his premise is incorrect and his conclusion is, therefore, *non sequitur.*

---

[5] Secretary of Transportation Act, Pub. L. No. 373, 124 Stat. 4086 (2011).

7

Noise is not the prohibited conduct—it is the *sudden acceleration* that produces noise that is prohibited. Furthermore, notwithstanding Appellant's argument regarding noise, we need not decide whether section 16-3-116(e) is unconstitutionally vague as to *noise* if it is not unconstitutionally vague as to either of the other forms of prohibited conduct.

Here, Officer Rolan answered affirmatively when asked if Appellant's acceleration was a "sudden burst of speed." He also testified that when Appellant accelerated, he burned his tires and the "butt end of his Mustang" started sliding causing his tires to spin. *See Fink v. State*, No. 06-99-00149-CR, 2000 Tex. App. LEXIS 5158, at *10 (Tex. App.—Texarkana Aug. 3, 2000, pet. ref'd) (holding that spinning tires and fishtailing does constitute "exhibition of speed or acceleration"). Officer Rolan testified that when a driver accelerates to the point of spinning tires, he can lose control and present safety issues for himself and other traffic. Appellant was not arbitrarily stopped because his vehicle made noise; he was stopped because his sudden acceleration caused his tires to burn and spin and caused the "butt end" of his vehicle to slide unsafely.

When read in context, section 16-3-116 does give a person of ordinary intelligence notice that certain readily cognizable conduct is proscribed and it provides sufficient notice to law enforcement personnel to prevent its arbitrary and erratic enforcement. Accordingly, we conclude the ordinance is not unconstitutionally vague. Therefore, the trial court did not abuse its discretion in denying Appellant's motion to suppress. *See Ramirez-Tamayo v. State*, No. PD-1300-16, 2017 Tex. Crim. App.

LEXIS 881, at *9 (Tex. Crim. App. Sept. 20, 2017) (citing *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016)).  Issues one and two are overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.