

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00049-CR

**OTHO PRINCE HILL IV,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2015-1394-C2

## MEMORANDUM OPINION

In five issues, appellant, Otho Prince Hill IV, challenges his conviction for felony driving while intoxicated ("DWI"). *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2019). We affirm.

### I.  BACKGROUND

In the instant case, Hill was charged by indictment with felony DWI with two prior DWI convictions on December 7, 2006, and June 16, 2014. This case was tried to a jury,

and at the conclusion of the trial, the jury found Hill guilty of the charged offense and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified Hill's right of appeal, and this appeal followed.

## II.    HILL'S SURVEYOR WITNESS

In his first two issues, Hill complains about the trial court's purported decision to exclude testimony from Jason Meeks, a surveyor. Specifically, Hill contends that the trial court erred by: (1) determining that Meeks was an expert witness; and (2) excluding Meeks's testimony without first considering the reason why he was not timely designated as an expert and what impact allowing the testimony would have on the State.

During the testimony of Sergeant John Allovio of the Waco Police Department, Hill proffered for admission into evidence a map of Valley Mills Drive and New Road and Waco Drive done by surveyor James David Dossey, dated January 16, 2019. This map contained the official stamp of the survey company—Surveying & Engineering, 1519 LLC.com, located in Central Texas. The State objected that the map needed to be authenticated because it is not a government record, and because there was no testimony concerning the scale on the map and the corresponding measurements. Hill countered that the map was self-authenticating because the map was certified and stamped by the surveying company. The trial court sustained the State's objection to the admission of the map into evidence, but allowed Hill to ask Sergeant Allovio questions about the map.

After the State rested, Hill made another attempt to introduce the map, as well as proffer the testimony of Meeks to authenticate the map. The State objected to Meeks's testimony, arguing that Meeks had not been designated as an expert witness prior to trial. Hill argued that: (1) the exhibit was self-authenticating because of the surveying stamp; and (2) he did not believe the surveyor was an expert for which notice was necessary. Hill also suggested that the trial court "could take judicial notice of the map because everybody in here has driven through that intersection." In response, the trial court noted the following: "I understand. I'll sustain the State's—sustain the State's objection to the exhibit as tendered." In this exchange, the trial court did not rule on the admissibility of Meeks's testimony, nor did Hill request the trial court to so rule.

An appellate issue involving the proffer of evidence, as opposed to an objection, must still satisfy the preservation-of-error requirements. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that the purpose of requiring an objection is to give the trial court or opposing party an opportunity to correct error or remove the basis for the objection and reasoning that "[a]lthough this case involves a proffer of evidence rather than an objection, the same rationale applies."). To preserve error for appellate review, a party must present a timely request, motion, or objection to the trial court, stating the specific grounds for the objection, and obtain an adverse ruling. *See* TEX. R. APP. P. 33.1(a)(1); *see also Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008).

As noted above, the trial court only ruled on the State's objection to the admission of the map into evidence. The trial court did not rule on the admissibility of Meeks's testimony. Furthermore, Hill did not request that the trial court rule on the admissibility of Meeks's testimony, nor did he proffer Meeks's testimony again after the trial court's ruling on the admissibility of the map. Moreover, in his offer of proof, Hill focused on the map exhibit, not on the testimony of Meeks. Therefore, based on the foregoing, we cannot say that Hill preserved error in his first two issues regarding the admissibility of Meeks's testimony. *See Reyna*, 168 S.W.3d at 179; *see also* TEX. R. APP. P. 33.1(a)(1); *Luna*, 268 S.W.3d at 604. Accordingly, we overrule Hill's first two issues.

### III.   DUE PROCESS

In his third issue, Hill contends that the trial court's purported exclusion of Meeks's testimony denied him his constitutional right to present his defense. Again, the record does not reflect that the trial court excluded Meeks from testifying. Indeed, the trial court never ruled on the issue of Meeks's testimony; Hill never requested the trial court to rule on the issue of Meeks's testimony; and Hill, in his offer of proof, focused on the admissibility of the map exhibit, rather than the testimony of Meeks. As such, we conclude that this issue lacks merit and overrule Hill's third issue.

### IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth and fifth issues, Hill contends that his trial counsel was ineffective by failing to designate Meeks as an expert witness and by failing to allege that an ordinance

purportedly identical to the one used as a basis for the traffic stop had been found to be unconstitutional. *See, e.g., Meisner v. State*, 907 S.W.2d 664, 668-69 (Tex. App.—Waco 1995, no pet.). In making these arguments, Hill cites to no legal authority governing the analysis for ineffective assistance of counsel. Moreover, in his fourth issue, which pertained to trial counsel's failure to designate Meeks as an expert witness, Hill cites to no legal authority at all. We therefore hold that these issues were inadequately briefed and, therefore, present nothing for review. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) ("This Court has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record.'" (quoting TEX. R. APP. P. 38.1(i))).

Nevertheless, even if Hill had adequately briefed these issues, we cannot say that Hill satisfied both prongs of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (stating that, to prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test by a preponderance of evidence showing that: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance deprived him of a fair trial). First, we note that the record is silent as to trial counsel's trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (noting that trial counsel should be afforded an opportunity to explain his actions before being

denounced as ineffective); *see also Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (stating that, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court).

Next, we note that the record does not establish the second prong of *Strickland* by a preponderance of the evidence—that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. Looking at the totality of the representation, trial counsel made numerous objections to the evidence and vigorously cross-examined the witnesses, as well as called witnesses on Hall's behalf. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (noting that we look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel); *see also Ex parte Welborn*, 785 S.W.2d 391, 392 (Tex. Crim. App. 1990) ("Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating our one portion of the trial counsel's performance for examination.").

Additionally, the evidence of guilt of the charged offense is overwhelming. A blood test revealed that Hill's blood-alcohol level was 0.162—more than double the legal limit—shortly after being stopped. Moreover, Sergeant Allovio testified that Hill had

glassy eyes and slurred speech, smelled of alcohol, and fumbled for his driver's license during his initial encounter with police.

Furthermore, regarding the basis of the stop, Sergeant Allovio and Detective Eric Trojanowski of the Waco Police Department stated that they observed Hill's vehicle spinning its tires and entering the intersection at a high rate of speed. Sergeant Allovio noted that these actions violated a city ordinance and the racing statute—section 545.420 of the Texas Transportation Code. *See* TEX. TRANS. CODE ANN. § 545.420 (West 2011). Sergeant Allovio further testified that, based on his training and experience in estimating vehicle speeds, Hill was traveling approximately fifty miles per hour in a forty-mile-per-hour zone and that Hill appeared to be racing another vehicle. This evidence supports the trial court's finding that officers had a good-faith belief that Hill committed multiple traffic offenses, including speeding, racing, and violation of the city ordinance for "digging out"—all of which justified the traffic stop. As such, we cannot say that the record establishes a reasonable probability that, but for counsel's purported errors, the result of the proceeding would have been different. *See Thompson*, 9 S.W.3d at 812. Accordingly, we overrule Hill's fourth and fifth issues.

## V. CONCLUSION

Having overruled all of Hill's issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed March 18, 2020
Do not publish
[CR25]

