**The STATE of Texas, Appellant,**

v.

**Manual ZAVALA, Appellee.**

**No. 13–00–179–CR.**

Court of Appeals of Texas,
Corpus Christi.

April 20, 2000.

(Vernon 1977).

Tom O'Connell, Crim. Dist. Atty., McKinney, for Appellant.

Alan K. Taggart, Dallas, Sharon Rose Sela, Asst. Dist. Atty., McKinney, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

PER CURIAM.

This is an attempted appeal by the State of the trial court's grant of a motion to dismiss an information. The order of dismissal was signed on January 24, 2000, and the State's notice of appeal was due on February 8, 2000. Any motion to extend the time for filing the notice of appeal was due on February 23, 2000. The State filed its notice of appeal on February 23, 2000, and a motion for extension of time to file the notice of appeal on March 31, 2000. Because neither motion was filed timely, we dismiss the appeal for want of jurisdiction.

A timely filed notice of appeal which complies with the requirements of rule 26 is essential to vest a court of appeals with jurisdiction. TEX.R.APP. PROC. 26; *Slaton v. State*, 981 S.W.2d 208, 209 (Tex.Crim.App.1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Without jurisdiction, a court of appeals cannot address the merits of the appeal and may take no action except to dismiss the appeal. *Slaton*, 981 S.W.2d at 209; *Olivo*, 918 S.W.2d at 523.

In this case, the State's notice of appeal and its motion for extension of time were not filed timely. Thus, unless there is some exception to the application of the rules, we have no jurisdiction to consider this case.

The Texas Supreme Court has created such an exception for civil cases. In *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), the supreme court held that "a motion for extension of time is necessarily implied when an appellant acting in good faith files a bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2)." Id. at 617. Although *Verburgt* was decided under the former rules of appellate procedure, the exception has been held applicable to the filing of a notice of appeal under the current rules. *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 288 (Tex.App.—Houston [1st Dist.] 1999, no pet. h.); *Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex.App.—Amarillo 1999, no pet. h.); *Coronado v. Farming Technology, Inc.*, 994 S.W.2d 901, 901–02 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

However, this exception has never been recognized in criminal cases. The facts of the instant case were present in *Olivo:* the notice of appeal was filed within

the fifteen-day period for filing a motion for extension of time to file notice of appeal, but without any motion for extension of time. The Court of Criminal Appeals held: "When a notice of appeal, but no motion for extension of time is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it." *Olivo*, 918 S.W.2d at 523. The court further held that a court of appeals could not use the rule-suspension provision of former rules of appellate procedure 2(b) or 83 to acquire jurisdiction, even though the Texas Supreme Court had followed a more liberal policy for civil cases. *Id.* at 532–24.

Since the *Verburgt*[1] decision, the Court of Criminal Appeals has held that its decision in *Olivo* remains unchanged, even though the rules of appellate procedure have been revised. *Slaton*, 981 S.W.2d at 209–10. Furthermore, the Court of Criminal Appeals has declined to re-examine *Olivo* in light of the *Verburgt* opinion. *See Williams v. State*, 957 S.W.2d 949, 950 (Tex.App.—Austin 1997, no pet.); *Slaton*, 981 S.W.2d at 209 n. 3 (in which the Court of Criminal Appeals expressly rejects the *Williams* rationale).

It is clear that the *Olivo* rule is alive and well. Accordingly, we must deny the State's motion for extension of time to file the notice of appeal and dismiss this appeal for want of jurisdiction.

---

1. The Supreme Court acknowledged that a different rule is applied in criminal cases. *See Verburgt,* 959 S.W.2d at 616.