NO. 07-04-0551-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 18, 2005


______________________________



CHARLES BRANDON, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 47,417-A; HON. HAL MINER, PRESIDING


_______________________________



Opinion Regarding Dismissal


________________________________



Before QUINN, REAVIS, and CAMPBELL, JJ.

 Before us lies the question of whether we have jurisdiction over the attempt of
Charles Brandon to appeal his conviction. The record discloses that his notice of appeal
was not filed with the trial court clerk until November 22, 2004. It was due by November
18, 2004. To avoid dismissal, appellant contends, via his "Motion for Continuation of
Appeal," that the notice was timely because he had delivered it to the trial court judge
before the deadline expired, even though the court clerk did not receive it until after the
deadline lapsed. (1) We dismiss the appeal for want of jurisdiction.

 Rule of Appellate Procedure 25.2(c)(1) states that an appellant perfects his appeal
by filing a written notice "with the trial court clerk." Tex. R. App. P. 25.2(c)(1). At bar, the
notice was filed with the trial court before the deadline, but appellant did not file it with the
trial court clerk until after it lapsed. Thus, the notice was untimely. See Ovalle v. State, No.
05-97-00251-CR, 1997 WL 251967 (Tex. App.-Dallas May 15, 1997, pet. ref'd) (dismissing
the appeal for want of jurisdiction even though the letter evincing the appellant's desire to
appeal was filed with the court coordinator instead of the court clerk); see also Miller v.
State, No. 10-03-0089-CR, 2003 WL 21666086 (Tex. App.-Waco July 9, 2003, pet.
granted) (holding that even though notice was given to the trial court on day of sentencing,
it was not timely filed with the clerk when it was received after notice was due).

 Appellant relies on Birmingham Fire Ins. Co. v. American National Fire Ins. Co., 928
S.W.2d 226 (Tex. App.-Texarkana 1996, no writ) and Mr. Penguin Tuxedo Rental & Sales
v. NCR Corporation, 787 S.W.2d 371 (Tex. 1990) as support for his contention that
because the district clerk is the agent of the trial court, the trial court must actually be the
principal. So, the argument goes, by giving the trial court notice, appellant simply gave
notice to the party to whom notice was to be given in the first place, the principal. 
Assuming the accuracy of those two cases, we nonetheless note that they involved civil
appeals. Ours is not of that ilk; it is criminal. More importantly, not only are the procedures
governing civil appeals construed differently from those involving criminal appeals but also
our Court of Criminal Appeals requires strict compliance with appellate procedure
governing criminal appeals. Olivo v. State, 918 S.W.2d 519, 524-25 (Tex. Crim. App.
1996); State v. Zavala, 17 S.W.3d 356, 357-58 (Tex. App.-Corpus Christi 2000, pet ref'd). 
 Thus, we do not find either Birmingham or Mr. Penguin controlling. Though we have no jurisdiction over the appeal, we would admonish appellant that
he may still be able to obtain relief by seeking an out of time appeal from the Texas Court
of Criminal Appeals. Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App.
1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of
habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). And,
with that admonishment, we deny appellant's motion to continue the appeal and dismiss
the cause for want of jurisdiction.

 

 Per Curiam 

Do not publish. 
1. Attached to the "Motion for Continuation of Appeal" is a copy of a letter from trial counsel, dated
November 16, 2004, to the trial court and requesting the latter to sign the enclosed notice of appeal and certify
appellant's right to appeal. The trial court did so on November 18, 2004. Trial counsel, further, requested that
the trial court file the notice with the "District Clerk." Appellant concedes that the notice was not filed with the
court clerk until November 22, 2004. Furthermore, he did not file a motion to extend the deadline by which
to perfect his appeal within 15 days from the date the notice was due.



 94
S.W.3d 841, 847-48 (Tex.App.-Austin 2002, no pet.); see also Campus Communications,
Inc. d/b/a A & M Magazine v. Texas A & M University System, No. 01-02-00878-CV, 2003
WL 21027936, at *1 (Tex.App.-Houston [1st Dist. May 8, 2003, no pet. h.) (dismissing the
appeal because the issues before it were moot). 

 Under article II, section 1 of the Texas Constitution, Texas courts do not have any
jurisdiction to issue advisory opinions. See Valley Baptist Medical Center v. Gonzalez,
33 S.W.3d 821, 822 (Tex. 2000). Moreover, in State v. Morales, 869 S.W.2d 941, 947
(Tex. 1994), the Court re-announced that the Uniform Declaratory Judgments Act was
merely a procedural device "for deciding cases already within a court's jurisdiction" and
that a request for declaratory relief "cannot confer jurisdiction on the court, nor can it
change the basic character of a suit." 

 Declaratory judgment actions cannot be used to resolve hypothetical or contingent
situations. Firemen's Ins. Co. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968). In Valley
Baptist, the discovery dispute was rendered moot when the Medical Center presented a
representative for deposition. 33 S.W.3d at 822. Similarly, Miller's action for declaratory
judgment based on his pre severance pleadings was rendered moot because of our first
decision. 

 Because the District Court erroneously assumed jurisdiction of Miller's request for
declaratory judgment, we vacate the trial court's judgment and dismiss the appeal. Tex.
R. App. P. 43.2 (e). Our disposition of this issue pretermits consideration of the remaining
issues. 

 Don H. Reavis

 Justice




Quinn, J., concurs in the result.


1. Issues are restated.
2. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-37.011 (Vernon 1997 & Supp. 2004).
3. See Ware v. Miller, 82 S.W.3d 795 (Tex.App.--Amarillo 2002, pet. denied).
4. The order denying the plea to the jurisdiction concluded, "[a]fter considering the
pleadings, the arguments of counsel and the evidence relevant to the jurisdictional issues,
the Court has determined that the remaining claim under the Uniform Declaratory
Judgments Act is justiciable and is not moot. The plea to the jurisdiction, therefore, must
be denied."
5. Because Arthur Ware et al. do not challenge the sufficiency of the evidence or
contend the trial court abused its discretion in awarding attorney's fees, we need not detail
the evidence presented at the hearing.