NO. 07-04-0551-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 18, 2005
_____

CHARLES BRANDON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 47,417-A; HON. HAL MINER, PRESIDING
_____

*Opinion Regarding Dismissal*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Before us lies the question of whether we have jurisdiction over the attempt of Charles Brandon to appeal his conviction. The record discloses that his notice of appeal was not filed with the trial court clerk until November 22, 2004. It was due by November 18, 2004. To avoid dismissal, appellant contends, via his "Motion for Continuation of Appeal," that the notice was timely because he had delivered it to the trial court judge

before the deadline expired, even though the court clerk did not receive it until after the deadline lapsed.[1]  We dismiss the appeal for want of jurisdiction.

Rule of Appellate Procedure 25.2(c)(1) states that an appellant perfects his appeal by filing a written notice "with the trial court clerk."  TEX. R. APP. P. 25.2(c)(1).  At bar, the notice was filed with the trial court before the deadline, but appellant did not file it with the trial court clerk until after it lapsed.  Thus, the notice was untimely.  *See Ovalle v. State,* No. 05-97-00251-CR, 1997 WL 251967 (Tex. App.–Dallas May 15, 1997, pet. ref'd) (dismissing the appeal for want of jurisdiction even though the letter evincing the appellant's desire to appeal was filed with the court coordinator instead of the court clerk); *see also Miller v. State*, No. 10-03-0089-CR, 2003 WL 21666086 (Tex. App.–Waco July 9, 2003, pet. granted) (holding that even though notice was given to the trial court on day of sentencing, it was not timely filed with the clerk when it was received after notice was due).

Appellant relies on *Birmingham Fire Ins. Co. v. American National Fire Ins. Co.,* 928 S.W.2d 226 (Tex. App.–Texarkana 1996, no writ) and *Mr. Penguin Tuxedo Rental & Sales v. NCR Corporation,* 787 S.W.2d 371 (Tex. 1990) as support for his contention that because the district clerk is the agent of the trial court, the trial court must actually be the principal.  So, the argument goes, by giving the trial court notice, appellant simply gave notice to the party to whom notice was to be given in the first place, the principal.

---

[1]Attached to the "Motion for Continuation of Appeal" is a copy of a letter from trial counsel, dated November 16, 2004, to the trial court and requesting the latter to sign the enclosed notice of appeal and certify appellant's right to appeal.  The trial court did so on November 18, 2004.  Trial counsel, further, requested that the trial court file the notice with the "District Clerk."  Appellant concedes that the notice was not filed with the court clerk until November 22, 2004.  Furthermore, he did not file a motion to extend the deadline by which to perfect his appeal within 15 days from the date the notice was due.

2

Assuming the accuracy of those two cases, we nonetheless note that they involved civil appeals. Ours is not of that ilk; it is criminal. More importantly, not only are the procedures governing civil appeals construed differently from those involving criminal appeals but also our Court of Criminal Appeals requires strict compliance with appellate procedure governing criminal appeals. *Olivo v. State*, 918 S.W.2d 519, 524-25 (Tex. Crim. App. 1996); *State v. Zavala,* 17 S.W.3d 356, 357-58 (Tex. App.–Corpus Christi 2000, pet ref'd). Thus, we do not find either *Birmingham* or *Mr. Penguin* controlling.

Though we have no jurisdiction over the appeal, we would admonish appellant that he may still be able to obtain relief by seeking an out of time appeal from the Texas Court of Criminal Appeals. *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). And, with that admonishment, we deny appellant's motion to continue the appeal and dismiss the cause for want of jurisdiction.

Per Curiam

Do not publish.