

**NUMBER 13-09-00383-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **DAVID HARLEY BAILEY,** | **APPELLANT,** |

v.

| | |
|---|---|
| **THE STATE OF TEXAS,** | **APPELLEE.** |

**On Appeal from the 138th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion Per Curiam**

On June 23, 2009, appellant, David Harley Bailey, filed a pro se notice of appeal from judgments of conviction issued on July 1, 1988. We dismiss the appeal for want of jurisdiction.[1]

---

[1] Appellant has previously filed several original proceedings attacking these convictions. *See In re Bailey*, Nos. 13-09-00375-CR, 13-09-00376-CR, 13-09-00377-CR, & 13-09-00378-CR2009, Tex. App. LEXIS 5262, *1 (Tex. App.–Corpus Christi July 9, 2009, orig. proceeding) (dismissing mandamus for want of

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

On July 10, 2009, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant's counsel filed a response to this notice in which he asserts that he examined the district clerk's file and found that no notice of appeal had been filed. Appellant also filed a pro se response in which he contends that he sent several letters to the trial court in July of 1988 which should have been treated as a timely filed notice of appeal. *See, e.g., Palma v. State*, 76 S.W.3d 638, 641 (Tex. App.–Corpus Christi 2002, pet. ref'd) (holding that where an appellant has timely filed a document with the clerk of the trial court that demonstrates his desire to appeal, that document should be construed as a notice of appeal). Appellant included copies of these letters which are not file-stamped but appear instead to include hand-written dates of receipt. Appellant also includes a letter that he allegedly received

jurisdiction where appellant contended that the district clerk did not forward documents allegedly constituting notices of appeal); *In re Bailey*, Nos. 13-08-00240-CR, 13-08-00241-CR, 13-08-00242-CR, & 13-08-00243-CR, 2008 Tex. App. LEXIS 3169, *1 (Tex. App.–Corpus Christi May 1, 2008, orig. proceeding) (denying mandamus where appellant was seeking post-conviction relief from a final felony conviction); *In re Bailey*, Nos. 13-06-421-CR, 13-06-422-CR, 13-06-423-CR, 13-06-424-CR, 2006 Tex. App. LEXIS 6786, *1 (Tex. App.–Corpus Christi July 31, 2006, orig. proceeding) (denying mandamus for insufficient record where appellant sought to compel the trial court to correct the judgment in the underlying criminal matters to reflect concurrent sentencing and to remove an accumulation order from the judgment).

2

from the trial court, dated July 18, 1988, which denies appellant's request to run his sentences concurrently and advises appellant that the court followed the plea bargain and imposed sentences according to the plea bargain, and denies appellant's request for appeal.

As an initial matter, we note that appellant is not entitled to hybrid representation. *See Marshall v. State*, 210 S.W.3d 618, 620 (Tex. Crim. App. 2006). Moreover, leaving aside the issue of whether appellant has the substantive right to appeal under the circumstances described herein, we conclude that the documents currently before us do not establish that appellant's appeal was timely perfected. Texas Rule of Appellate Procedure 25.2(c)(1) states that an appellant perfects his appeal by filing a written notice "with the trial court clerk." TEX. R. APP. P. 25.2(c)(1). Nothing in the record before us indicates that the letters at issue were timely filed with the clerk of the trial court. The court of criminal appeals requires strict compliance with appellate procedure governing criminal appeals. *Olivo*, 918 S.W.2d at 524-25; *State v. Zavala*, 17 S.W.3d 356, 357-58 (Tex. App.–Corpus Christi 2000, pet ref'd).

Appellant's notice of appeal, filed more than twenty years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

3

The appeal is DISMISSED FOR WANT OF JURISDICTION.  Appellant's motion to proceed on appeal pro se is DISMISSED AS MOOT.

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 4th
day of February, 2010.