NUMBER 13-09-00383-CR
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG 
 

 
 
DAVID HARLEY BAILEY,                                                                APPELLANT,
 
v.
 
THE STATE OF TEXAS,                                                                     APPELLEE.
 

 
 
On Appeal from the 138th District Court 
of Cameron County, Texas.
 

 
 
MEMORANDUM OPINION
 
Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion Per Curiam
 
           On June 23, 2009, appellant, David Harley Bailey, filed a pro se notice of appeal
from judgments of conviction issued on July 1, 1988. We dismiss the appeal for want of
jurisdiction.



          This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely
filed notice of appeal, a court of appeals does not have jurisdiction to address the merits
of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
          On July 10, 2009, the Clerk of this Court notified appellant that it appeared that the
appeal was not timely perfected and that the appeal would be dismissed if the defect was
not corrected within ten days from the date of receipt of the Court’s directive. Appellant’s
counsel filed a response to this notice in which he asserts that he examined the district
clerk’s file and found that no notice of appeal had been filed. Appellant also filed a pro se
response in which he contends that he sent several letters to the trial court in July of 1988
which should have been treated as a timely filed notice of appeal. See, e.g., Palma v.
State, 76 S.W.3d 638, 641 (Tex. App.–Corpus Christi 2002, pet. ref’d) (holding that where
an appellant has timely filed a document with the clerk of the trial court that demonstrates
his desire to appeal, that document should be construed as a notice of appeal). Appellant
included copies of these letters which are not file-stamped but appear instead to include
hand-written dates of receipt. Appellant also includes a letter that he allegedly received
from the trial court, dated July 18, 1988, which denies appellant’s request to run his
sentences concurrently and advises appellant that the court followed the plea bargain and
imposed sentences according to the plea bargain, and denies appellant’s request for
appeal.
          As an initial matter, we note that appellant is not entitled to hybrid representation. 
See Marshall v. State, 210 S.W.3d 618, 620 (Tex. Crim. App. 2006). Moreover, leaving
aside the issue of whether appellant has the substantive right to appeal under the
circumstances described herein, we conclude that the documents currently before us do
not establish that appellant’s appeal was timely perfected. Texas Rule of Appellate
Procedure 25.2(c)(1) states that an appellant perfects his appeal by filing a written notice
“with the trial court clerk.” Tex. R. App. P. 25.2(c)(1). Nothing in the record before us
indicates that the letters at issue were timely filed with the clerk of the trial court. The court
of criminal appeals requires strict compliance with appellate procedure governing criminal
appeals. Olivo, 918 S.W.2d at 524-25; State v. Zavala, 17 S.W.3d 356, 357-58 (Tex.
App.–Corpus Christi 2000, pet ref'd). 
          Appellant’s notice of appeal, filed more than twenty years after sentence was
imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. See Slaton,
981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a
post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this Court. See Tex.
Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988
S.W.2d 240 (Tex. Crim. App. 1999).
 
          The appeal is DISMISSED FOR WANT OF JURISDICTION. Appellant’s motion to
proceed on appeal pro se is DISMISSED AS MOOT.
 
                                                                                      PER CURIAM
Do not publish. See Tex. R. App. P. 47.2(b).
 
Delivered and filed the 4th
day of February, 2010.