

# NUMBER 13-24-00105-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FREDDIE KINSEL KORZEKWA,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF ARANSAS COUNTY, TEXAS

## MEMORANDUM OPINION
**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

This cause is before the Court on its own motion. On November 14, 2023, appellant Freddie Kinsel Korzekwa was found guilty of engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02(a). On December 13, 2023, the trial court sentenced appellant to a term of four years' imprisonment but suspended the sentence and placed appellant on community supervision for four years. *See* TEX. CODE CRIM. PROC. ANN. art.

42A.053(a)(1). No motion for new trial was filed.

On January 16, 2024, appellant filed his notice of appeal. One day later, on January 17, 2024, the Clerk of the Court notified appellant that it appeared the appeal was not timely perfected and provided him with ten days to correct the defect if possible. Having received no response to the Clerk's notice, on February 13, 2024, the Court abated and remanded the cause to the trial court with instructions to determine among other things: (1) whether appellant wished to pursue his appeal; and (2) whether appellant's counsel had effectively abandoned the appeal.

Later that same day, appellant filed an amended notice of appeal and request for out of time appeal. On February 29, 2024, the Court notified appellant that it construed appellant's request for an out of time appeal as a motion to extend the time to file a notice of appeal and as a motion for leave to file said motion, it granted both motions, and reinstated the appeal. However, upon further review as discussed below, we dismiss this appeal for want of jurisdiction.

A timely notice of appeal invokes the jurisdiction of the court. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998). Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1), (2); *Anderson v. State*, 625 S.W.3d 128, 130 (Tex. Crim. App. 2021). The time within which to file the notice of appeal may be enlarged if, within fifteen days after the

2

deadline for filing the notice, the party files the notice and a motion complying with rule 10.5(b). *See* TEX. R. APP. P. 10.5(b)(2); *id.* R. 26.3; *see also Alvarez v. State*, No. 13-20-00260-CR, 2020 WL 5051509, at *1 (Tex. App.—Corpus Christi–Edinburg July 15, 2020, no pet.) (mem. op., not designated for publication) ("While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the motion for extension of time must be filed within fifteen days after the deadline for filing the notice of appeal." (citing TEX. R. APP. P. 26.3)).

Appellant's sentence was suspended in open court on December 13, 2023, and no motion for new trial was filed; thus, his notice of appeal was due by January 12, 2024. *See* TEX. R. APP. P. 26.2(a)(1). Four days later on January 16, 2024, appellant filed his notice of appeal, which made it untimely. *See id.* And although appellant's notice of appeal was filed within the fifteen-day grace period afforded by rule 26.3, no motion for extension of time was filed with the Court within that same fifteen-day timeframe, i.e., by January 29, 2024.[1] *See id.* R. 4.1(a), 10.5(b), 26.3; *Olivo*, 918 S.W.2d at 522; *Pickens v. State*, 105 S.W.3d 746, 749 (Tex. App.—Austin 2003, no pet.) ("[B]ecause [appellant's] motion for extension of time to file his notice of appeal was not filed within the time prescribed by rule 26.3, it is ineffective." (citation omitted)); *see also Bedford v. State*, No. 13-22-00225-CR, 2022 WL 2251813, at *1 (Tex. App.—Corpus Christi–Edinburg June 23, 2022, no pet.) (mem. op., not designated for publication) ("Appellant's notice of appeal, filed more than two months after sentence was imposed, was untimely, and the motion for extension

---

[1] We note that the fifteenth day falls on a Saturday, January 27, 2024, so we extended the deadline to Monday, January 29, 2024, in our calculation. *See* TEX. R. APP. P. 4.1(a); *see also McDavid v. State*, No. 03-25-00018-CR, 2025 WL 450462, at *2 (Tex. App.—Austin, no pet.) (mem. op., not designated for publication) ("Because [the notice-of-appeal deadline] fell on a Saturday, the deadline was extended to Monday[.]" (citing TEX. R. APP. P. 4.1)).

of time to file a notice of appeal was filed outside of the 15-day grace period."); *Carty v. State*, Nos. 05-15-00722-CR, 05-15-00723-CR, 05-15-00724-CR, 05-15-00725-CR, 05-15-00726-CR, 2015 WL 4722979, at *1 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction after reasoning in pertinent part that "although appellant's notice of appeal was filed within the fifteen-day period provided by rule 26.3, no extension motion was filed in this Court within that same fifteen-day period" (citations omitted)).

Instead, appellant filed his extension request on February 13, 2024, and we cannot imply that appellant's notice of appeal, filed four days late but within the fifteen-day grace period, acted as an implied motion for extension. *See State v. Zavala*, 17 S.W.3d 356, 357–58 (Tex. App.—Corpus Christi–Edinburg 2000, pet. ref'd) (per curiam) (dismissing appeal for want of jurisdiction where the State filed a late motion for extension of time to file the notice of appeal after reasoning that an implied-motion-for-extension exception recognized in civil cases has never been recognized in criminal cases); *see also McDavid v. State*, No. 03-25-00018-CR, 2025 WL 450462, at *1 (Tex. App.—Austin Feb. 11, 2025, no pet.) (mem. op., not designated for publication) ("[I]n criminal cases, unlike in civil cases, appellate courts cannot infer a motion for extension of time when a notice of appeal is filed within [fifteen] days of the deadline." (citations omitted)).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeal; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). Because appellant failed to timely perfect his appeal, we dismiss this appeal

4

for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210.

JENNY CRON<br>Justice

Do not publish
TEX. R. APP. P. 47.2(b)

Delivered and filed on the
14th day of August, 2025.